UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP R. CORVELLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK N.A,<br><br>　　　　Defendant. | Case No.  10-cv-05072-VC<br><br>**SUPPLEMENTAL ORDER RE CLASS CERTIFICATION** |
| AMIRA JACKMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICA'S SERVICING COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  11-cv-03884-VC |

　　　　On January 29, 2016, the Court issued a ruling on the joint motion for class certification filed by the plaintiffs in these related cases, *Corvello v. Wells Fargo Bank N.A.*, and *Jackmon v. America's Servicing Co.*  No. 3:10-cv-05072, Dkt. No. 114; No. 3:11-cv-03884, Dkt. No. 171. The Court certified a California class to pursue claims based on the Rosenthal Act and the "unlawful practices" prong of the Unfair Competition Law (premised on the Rosenthal Act).  But the UCL permits plaintiffs to pursue (and the plaintiffs asked the Court to certify) claims based on alternative theories of liability.  The Court's initial ruling did not address whether the claims under the "fraudulent practices" prong of the UCL should be certified.  Accordingly, this Order

supplements the Court's prior class certification ruling.

The plaintiffs' motion to certify California classes to pursue UCL claims for fraudulent business practices is granted, for essentially the reasons set forth in the prior ruling.  Like a Rosenthal Act claim, a UCL "fraudulent practices" claim turns on an objective standard (although it is a different one): whether "members of the public are likely to be 'deceived.'"  *In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009) (quoting *Kasky v. Nike*, 45 P.3d 243, 250 (Cal. 2002) (internal quotation marks omitted)); *see also Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010).  Every potential class member's claim will therefore be driven by common questions similar to those driving their Rosenthal Act claims: whether the Trial Period Plan document's language was likely to deceive reasonable consumers into thinking they would receive permanent loan modifications if they complied with its terms (or perhaps into thinking Wells Fargo would either give them modifications if they met their obligations under the TPP, or notify them before the end of the three-month period if they didn't qualify).

Moreover, those questions will predominate.  Wells Fargo contends that individual questions about each class member's exposure to and reliance on its communications about the TPP will predominate.  But in cases like these — where the claims are based on the language of the TPP document every class member received and Wells Fargo's practices and intentions in administering the Trial Period Plan program — there is no need to prove deception, reliance, and injury for each individual class member.  *See In re Tobacco II Cases*, 207 P.3d at 38; *see also Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 986 (9th Cir. 2015); *Gaudin v. Saxon Mortg. Servs., Inc.*, 297 F.R.D. 417, 430 (N.D. Cal. 2013); *cf. Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2016 WL 1048046, at *10–11 (N.D. Cal. Mar. 11, 2016).

Accordingly, the plaintiffs' motion to certify California classes to pursue UCL "fraudulent practices" claims is granted.[1]

---

[1] The plaintiffs' motion to certify California classes to pursue UCL "unfair practices" claims is also granted, for similar reasons.  *See, e.g.*, *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736–37 (9th Cir. 2007); *Gaudin v. Saxon Mortg. Servs., Inc.*, 297 F.R.D. 417, 430 (N.D. Cal. 2013).

      This resolves Wells Fargo's motion for clarification. The parties are ordered to submit a revised class notice for the Court's approval, by way of administrative motion, by May 2, 2016. The revised class notice should comport with this ruling, as well as the guidance the parties received from the Court during the hearing on the motion for clarification.

      **IT IS SO ORDERED.**

Dated: April 15, 2016

_____
VINCE CHHABRIA
United States District Judge