# EXHIBIT A

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP R. CORVELLO, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY,<br><br>    Defendant. | Case No. 10-cv-05072 VC |
| AMIRA JACKMON, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 3:11-cv-03884-VC |

## STIPULATION AND CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement") is entered into by Plaintiffs Phillip Corvello ("Plaintiff Corvello") and Amira Jackmon ("Plaintiff Jackmon") (Plaintiff Jackmon and Plaintiff Corvello are collectively the "Plaintiffs") and Wells Fargo Bank, N.A. ("Wells Fargo"),[1] on behalf of the class defined herein and certified by the Court in its orders dated January 29, 2016 and April 18, 2016 entered in Case Nos. 10-cv-05072-VC and 11-cv-3884-VC.

This Agreement is intended by Plaintiffs, on behalf of all Settlement Class Members, and Wells Fargo (collectively "the Parties") to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof,

---

[1]    Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. America's Servicing Company is a trade name of Wells Fargo Bank, N.A.

and subject to approval of the Court.

## 1.   RECITALS

**1.1**      On November 9, 2010, Plaintiff Corvello filed a putative Class Action Complaint in the United States District Court for the Northern District of California (the "Court") alleging that Wells Fargo violated California law when it denied his application for a permanent loan modification under the federal government's Home Affordable Modification Program ("HAMP") in 2010.  He alleges that he was placed on a Form 3156 HAMP Trial Period Plan ("TPP"), complied with the terms of the TPP, but failed to receive a permanent HAMP modification.

**1.2**      On April 8, 2016, Plaintiff Corvello filed a First Amended Class Action Complaint, which added a claim for violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788, et seq. ("Rosenthal Act") based on allegations that Wells Fargo's use of the form HAMP TPP was deceptive because it would lead borrowers to believe that Wells Fargo would, at the end of the three or four month trial period, either: (1) give the borrower a permanent loan modification if the borrower met his or her obligations under the TPP; or (2) notify the borrower that he or she did not qualify for a permanent modification, but that Wells Fargo did neither.

**1.3**      Plaintiff Corvello asserts causes of action for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the California Business & Professions Code §§ 17200, et seq. ("UCL"); (4) violation of the Rosenthal Act; (5) promissory estoppel; and (6) declaratory relief.

**1.4**      On August 8, 2011, Plaintiff Jackmon filed an individual Complaint in the United States District Court for the Northern District of California alleging that Wells Fargo and

other defendants engaged in wrongful foreclosure and other unlawful acts in connection with her Wells Fargo-serviced loan.

**1.5**     On September 23, 2011, Plaintiff Jackmon filed a First Amended Class Action Complaint adding putative class allegations and alleging, like Plaintiff Corvello, that Wells Fargo violated California law when it denied her application for a permanent loan modification under HAMP in 2010 and that Wells Fargo's use of the TPP was unfair and deceptive.  Plaintiff Jackmon asserts causes of action for: (1) breach of contract; (2) rescission and restitution; (3) violation of the Rosenthal Act; and (4) violation of the UCL.

**1.6**     On April 22, 2011, the Court, the Honorable Jeffrey S. White presiding, granted Wells Fargo's Motion to Dismiss Plaintiff Corvello's Class Action Complaint and dismissed the case with prejudice.

**1.7**     Plaintiff Corvello thereafter timely appealed the dismissal to the United States Court of Appeals for the Ninth Circuit.  The Court stayed the Jackmon Action while the Corvello Action was pending before the Ninth Circuit.

**1.8**     On August 8, 2013, the Ninth Circuit reversed the order of dismissal and remanded the case to the Court.  *See Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. 2013).

**1.9**     Following remand, Plaintiffs and Wells Fargo engaged in significant and voluminous discovery, including the production and review of thousands of documents, the Rule 30(b)(6) depositions of Wells Fargo, numerous depositions of Wells Fargo's current and former employees, Plaintiffs' depositions, the depositions of four absent class members, and the depositions of the Parties' seven experts.

3

**1.10**    On November 13, 2014, the Corvello and Jackmon Actions became "related" and the Actions were litigated together (collectively, the "Litigation").

**1.11**    On January 29, 2016, the Court granted in part and denied in part Plaintiffs' Joint Motion for Class Certification. The Court denied Plaintiffs' request to certify a nationwide breach of contract class but certified claims under the Rosenthal Act and the UCL unlawful prong for a class of California borrowers. On April 18, 2016, the Court issued a Supplemental Order Re Class Certification, which certified Plaintiffs' claims under the unfair and fraudulent prongs of the UCL. Collectively, the Rosenthal Act and UCL claims certified by the Court in its January 29, 2016 and April 18, 2016 Orders entered in both the Corvello Action and the Jackmon Action are referred to as the "Certified Claims."

**1.12**    The certified class in the Corvello Action and the Jackmon Action is identical and is comprised of the same group of individuals with the same claims. It is defined as: California residential mortgage borrowers who (a) entered into a Home Affordable Modification Program Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of that TPP (the "Class").

**1.13**    The Parties participated in an informal settlement conference with Magistrate Judge Corley on April 27, 2016. Further discussions between the Parties and Magistrate Judge Corley took place on May 6, 2016 and May 9, 2016.

**1.14**    On or about June 28, 2016, the class notice administrator, Garden City Group, mailed class notice in connection with the 11,524 loans that fell within the Class defined above. Eighteen (18) class members timely opted out of the Class.

4

**1.15**　　On January 27, 2017, Wells Fargo filed a Motion for Summary Judgment on the Certified Claims, as well as the remaining individual claims brought by both Plaintiffs.  On May 4, 2017, the Court issued an Order on Summary Judgment in both Actions, entering summary judgment in Wells Fargo's favor as to Plaintiffs' UCL claims, denying the Motion as to Plaintiffs' Rosenthal Act claims, and denying the Motion as to Plaintiffs' individual claims, without prejudice.

**1.16**　　After the Court issued its Order on Summary Judgment, the Parties reached a resolution of the Litigation in principle.

**1.17**　　Class Counsel has concluded that it is in the best interests of the Class as a whole that the Certified Claims be resolved on the terms and conditions set forth in this Agreement.  After extensive consideration and analysis of the factual and legal issues presented in the Litigation, Class Counsel has reached the conclusion that the benefits the Settlement Class Members will receive as a result of this Settlement are a very good result in light of the risks and uncertainties of continued litigation, the expense that would be necessary to prosecute the Certified Claims through trial and any appeals that might be taken, and the likelihood of success at trial.

**1.18**　　Wells Fargo has denied, and continues to deny each and every allegation of liability, wrongdoing, and damages, as it has substantial factual and legal defenses to all claims and class allegations in the Litigation.  Wells Fargo has always maintained, and continues to maintain, that it has acted in accordance with all applicable agreements and governing law. Nonetheless, Wells Fargo has concluded that because the continuation of the Litigation would be protracted and expensive, it is desirable that the Certified Claims be fully and finally settled on a class-wide basis in the manner and upon the terms set forth in this Agreement.

**1.19**     Without admitting any liability or wrongdoing whatsoever, Wells Fargo agrees to the terms of this Agreement, provided that all Released Claims are settled, compromised, and released.

**1.20**     The Parties agree that throughout the course of the Litigation, all Parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11.

**1.21**     In conjunction with this Agreement, the Parties have also agreed to settle the remaining individual claims possessed by Plaintiff Corvello and Plaintiff Jackmon, i.e., the non-certified claims.  The terms of the Parties' settlements of the individual claims are set forth in separate agreements, available for the Court's review and inspection.  It is the Parties' intention that all claims set forth in the Jackmon Action and the Corvello Action be fully, fairly, and finally resolved by the Parties at this time.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties and their respective counsel that, subject to approval of the Court after a hearing or hearings as provided for in this Agreement, in consideration of the benefits flowing to the Parties as set forth herein, that the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## 2.     DEFINITIONS

As used in this Agreement, the following terms have the meanings specified below:

**2.1**     **"Action" or "Litigation"** means the class actions pending in the United States District Court for the District of Northern California, styled *Phillip Corvello v. Wells Fargo Bank, N.A.*, No. 10-cv-05072-VC ("Corvello Action") and *Amira Jackmon v. America's Servicing Company, et al.*, 11-cv-03884-VC ("Jackmon Action").

6

**2.2**    **"Agreement" or "Settlement Agreement" or "Settlement"** means this Stipulation and Class Action Settlement Agreement, including all exhibits thereto.

**2.3**    **"Case Contribution Award"** means compensation for the Class Representatives for their risks, time and effort undertaken in the Litigation.

**2.4**    **"Class Counsel"** means the law firms of Hagens Berman Sobol Shapiro LLP, Blood Hurst & O'Reardon, LLP, and the Law Office of Peter Fredman.

**2.5**    **"Class Definition," "Class," or "Settlement Class"** means the class previously certified by the Court and set out in the notice mailed on or about June 28, 2016, and defined as: All California residential mortgage borrowers who (a) entered into a Home Affordable Modification Program Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of that TPP. Excluded from the Class are any Judge or Magistrate presiding over this Action and members of their immediate families, officers and directors (and members of their immediate families) of Wells Fargo, Wells Fargo's subsidiaries, parent companies, successors, predecessors, and any entity in which Wells Fargo or its parent companies have a controlling interest, persons who properly execute and serve a timely Request for Exclusion, persons who timely opted out of the Action in connection with the class notice that was mailed on or about June 28, 2016, persons who have already released their claims against Wells Fargo that are covered by this Settlement (including persons who were members of the settlement class in *Wigod v. Wells Fargo Bank, N.A.*, No. 10-2348 (N.D. Ill.)), and the legal representatives, successors or assigns of any such excluded persons.

**2.6**     **"Class List"** means the list of individuals identified by Wells Fargo who fall within the Class Definition set forth in Section 2.5 above.  The Settlement Administrator shall use the Class List that Wells Fargo previously provided for the class notice mailing in June 2016.

**2.7**     **"Class Member" or "Settlement Class Member"** means an individual who falls within the Class Definition or appears on the Class List and, in all cases, has not submitted a valid and timely Request For Exclusion.  Where applicable, references to "Class Member" or "Settlement Class Member" in this Agreement shall refer to and include all individuals who fall within the Class Definition with respect to a single loan.

**2.8**     **"Class Notice" or "Class Notice Plan"** means the program of notice described in Section 6.2 of this Agreement to be provided to potential Settlement Class Members, including the Long Form Notice, Mail Notice and Class Website (www.Corvello-JackmonHAMPClassAction.com) ("Class Website"), which will notify potential Settlement Class Members about, among other things, the Preliminary Approval of the Settlement, the scheduling of the Fairness Hearing, and their rights to opt out of or object to the Settlement.

**2.9**     **"Class Representatives"** means Plaintiff Phillip Corvello and Plaintiff Amira Jackmon.

**2.10**     **"Complaint"** means the First Amended Class Action Complaint filed in the Corvello Action and the Amended Complaint filed in the Jackmon Action, collectively.

**2.11**     **"Court"** means the United States District Court for the Northern District of California.

**2.12**     **"Days"** means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  Further, when computing any

period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.  All calculations of days and times shall be adjusted to permit compliance by Wells Fargo with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715, including the notifications of appropriate regulators under 28 U.S.C. § 1715(b) and expiration of the 90-day review period in 28 U.S.C. § 1715 before the Fairness Hearing is held to review and approve the Settlement.

    **2.13**    **"Effective Date"** means the date, if any, on which the Judgment entered pursuant to this Agreement becomes Final.  If no appeal has been taken from the Judgment, the Effective Date means the date on which the time to file a notice of appeal has expired.  If any appeal has been taken from the Judgment, the Effective Date means the date on which all appeals, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for writ of certiorari or any other form of review, have been finally disposed of in a manner that fully affirms the Judgment.

    **2.14**    **"Fairness Hearing"** means the final approval hearing before the Court where the Parties will request Judgment be entered by the Court approving the Agreement as fair, reasonable and adequate, and ruling on, among other things, the requests for the Fee Award and the Case Contribution Award to the Class Representatives.  The Fairness Hearing shall take place no sooner than 75 days after the deadline to deliver the Mail Notice.

    **2.15**    **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to compensate Class Counsel and all other Plaintiffs' Counsel for work performed in this Litigation in accordance with Section 10 of this Agreement.

**2.16** **"Final"** means that the time for appeal or writ review has expired or, if an appeal or petition for review is taken and dismissed or the Settlement (or Fee Award) is affirmed, the time period during which further petition for hearing, appeal, or writ review can be taken has expired. If the Judgment is set aside, modified, or overturned by the Court or on appeal or writ review, and is not fully reinstated on further appeal, the Judgment shall not become Final.

**2.17** **"Final Judgment and Order Approving Settlement"** means, collectively, the Judgment and Final Order Approving Settlement to be entered by the Court, without modifications that are unacceptable to the Class Representatives or Wells Fargo, at the Fairness Hearing or such other time approving this Agreement as fair, adequate, and reasonable in accordance with applicable jurisprudence, confirming the certification of the Class, ordering the dismissal with prejudice of the Action and approving the Settlement and Fee Award, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

**2.18** **"HAMP TPP"** or **"TPP"** means the Form 3156 Fannie Mae/Freddie Mac Uniform Instrument, Home Affordable Modification Program Trial Period Plan, as used by Wells Fargo on or before March 1, 2010.

**2.19** **"Home Affordable Modification Program"** or **"HAMP"** or **"Program"** means and refers to the federal government's Home Affordable Modification Program, including all guidelines, directives, and bulletins issued by the Department of the Treasury, Federal National Mortgage Association (Fannie Mae), or Federal Home Loan Mortgage Corporation (Freddie Mac), as authorized by the Emergency Economic Stabilization Act of 2008 and the Troubled Asset Relief Program ("TARP") created thereunder. 12 U.S.C. §§ 5211, *et seq.*

**2.20** **"Mail Notice"** means the form of Class Notice that is mailed by the Settlement Administrator to potential Settlement Class Members, in substantially the form attached as Exhibit 1 to this Agreement and/or as approved by the Court.  Mail Notice shall be mailed not less than twenty (20) days after entry of the Preliminary Approval Order.

**2.21** **"Objection Deadline"** means the date by which Class Members must file written objections to the Settlement in accordance with Section 7.7 of this Agreement.  The Objection Deadline shall be no later than thirty (30) days before the date first set for the Fairness Hearing.

**2.22** **"Opt-Out Deadline"** means the postmark date by which Class Members must mail a Request For Exclusion in accordance with Sections 7.1-7.2 of this Agreement.  The Opt-Out deadline shall be no later than thirty (30) days before the date first set for the Fairness Hearing.

**2.23** **"Parties"** means the Class Representatives and Wells Fargo in the Litigation.

**2.24** **"Plaintiffs' Counsel"** means the counsel of record for Plaintiffs in the Action.

**2.25** **"Preliminary Approval"** means the order in substantially similar form as Exhibit 3 and providing for, among other things, preliminary approval of this Agreement ("Preliminary Approval Order," as set forth in Section 3.1 below), as well as approval of the form and methods of dissemination of Class Notice and the Class Notice Plan.

**2.26** **"Release" or "Releases"** means the releases of all Released Claims by the Releasing Parties against the Released Parties, as provided for in Section 5 of this Agreement.

**2.27** **"Releasing Parties"** means each Class Representative and any Class Member including their heirs, executors, personal representatives, guardians, estates, successors, assigns, and agents who does not timely submit a valid Request for Exclusion.

11

**2.28**    **"Released Parties"** means: (a) Wells Fargo and each of its respective past or present, direct or indirect, affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, shareholders, and attorneys of any such entities or persons; and (b) any investor, noteholder, or trustee of a mortgage securitization trust that held, owned, or included a mortgage loan made to any Settlement Class Member and that falls within the Class Definition, including, but not limited to, any affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, shareholders, and attorneys of any such entities or persons.

**2.29**    **"Request For Exclusion"** is a timely written communication by a Class Member stating that he or she wishes to be excluded (or "opt out") from the Class.  To be timely, any Request for Exclusion must be mailed to the Settlement Administrator, postmarked on or before the Opt-Out Deadline, and otherwise comply with Section 7 of this Agreement and the terms of the Preliminary Approval Order.

**2.30**    **"Settlement Administrator"** or **"Administrator"** means Garden City Group (or, if necessary, any replacement chosen by Wells Fargo with Class Counsel's knowledge and consent, which shall not be unreasonably withheld), which, with the Court's approval, will help implement and effectuate the terms of this Settlement Agreement.

**2.31**    **"Wells Fargo"** or **"Defendant"** means Wells Fargo Bank, N.A.

**2.32**    **"Wells Fargo's Counsel"** means Wells Fargo's counsel of record in the Action.

## 3.    REQUIRED EVENTS AND COOPERATION BY THE PARTIES

**3.1**    <u>Preliminary Approval</u>:  By June 23, 2017, Class Counsel shall submit this

Agreement to the Court for its Preliminary Approval and a motion requesting that the Court enter

a Preliminary Approval Order in substantially similar form as Exhibit 3.  The proposed

Preliminary Approval Order, by its terms shall, among other things:

**3.1.1**    Preliminarily approve the Settlement as within the range of reasonableness

and possible judicial approval such that a presumption of fairness is appropriate;

**3.1.2**    Approve the Class Notice Plan and order the issuance of Mail Notice to

the Settlement Class, and determine that such Class Notice Plan complies with all legal

requirements, including, but not limited to, the Due Process Clauses of the United States

Constitution;

**3.1.3**    Schedule the Fairness Hearing to review objections regarding this

Agreement, and to consider whether the Court shall issue the Final Judgment and Order

Approving Settlement, granting Class Counsel's application for the Fee Award and the Case

Contribution Award, and dismissing this Action with prejudice;

**3.1.4**    Require Settlement Class Members who wish to object to the Settlement

Agreement to file an appropriate and timely written statement by the Objection Deadline, as

directed in the Settlement Agreement and Mail Notice, and advise that a failure to do so shall

prevent those Settlement Class Members from doing so;

**3.1.5**    Require Settlement Class Members who wish to opt out of the Settlement

Agreement to mail a valid and timely Request for Exclusion, as directed in the Settlement

Agreement and Mail Notice, and advise that a failure to do so shall prevent those Settlement

Class Members from doing so and bind them to the terms of this Agreement and the Judgment;

**3.1.6**   Stay all proceedings in the Action, until the Effective Date or termination of the Settlement, whichever occurs earlier, except as may be necessary to obtain and or effectuate final approval of the Settlement; and

**3.1.7**   Enjoin Settlement Class Members from commencing or prosecuting any Released Claims against any Released Parties pending final approval of the Settlement.

**3.2**   <u>Final Approval</u>:   Any motion for final approval of the Agreement shall be filed not later than forty-five (45) calendar days prior to the Fairness Hearing requesting the Court to enter the Final Judgment and Order Approving Settlement.   Any response to objections and reply in support of final approval shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.   This Agreement is expressly contingent upon the entry of the Final Judgment and Order Approving Settlement, which becomes Final in accordance with Section 2.16 above, and that by its terms shall, among other things:

**3.2.1**   Finally approve the Settlement Agreement pursuant to Fed. R. Civ. P. 23 as fair, reasonable, and adequate;

**3.2.2**   Direct and authorize the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions;

**3.2.3**   Find that the Class Notice Plan and the notice methodology implemented pursuant to the Agreement constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court;

**3.2.4**   Set the Fee Award to Class Counsel and Case Contribution Award to the Class Representatives;

**3.2.5**   Enter Judgment as contemplated by this Agreement with respect to the Released Claims of all Settlement Class Members and dismiss the Released Claims of all Settlement Class Members and the Litigation with prejudice;

**3.2.6**   Permanently bar and enjoin the Class Representatives and all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction regarding the Released Claims;

**3.2.7**   Find that, by operation of the entry of the Judgment, the Class Representatives and all Settlement Class Members shall be deemed to have forever released, relinquished, and discharged the Released Parties from any and all Released Claims; and

**3.2.8**   Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and the Judgment and for any other necessary purpose.

**3.3**      Cooperation: The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish the Preliminary and Final Approval of this Settlement on the schedule set by the Court.

## 4.   SETTLEMENT RELIEF

**4.1**   In consideration for the Releases set forth in Section 5, Wells Fargo agrees to pay each Settlement Class Member an equal share of $750,000.00 (the "Settlement Payments").

**4.2**   Each Settlement Payment will be made on a per loan basis, regardless of the number of individual obligors on a Class loan.  Accordingly, where there is more than one obligor on a Class loan, all such obligors will share a single Settlement Payment.  No Class Member is required to submit a claim in order to receive a Settlement Payment.

## 5.    THE RELEASE

**5.1**    <u>Released Claims</u>.  Upon the Effective Date, the Releasing Parties shall, by operation of the Judgment, be deemed to have fully, finally, and forever released, relinquished, and discharged the Certified Claims in the Corvello Action and the Jackmon Action and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum. For the avoidance of doubt, this Release concerns the Certified Claims, including the allegations that the HAMP TPP or Wells Fargo's use of the HAMP TPP constituted unlawful debt collection or was deceptive, unfair, or fraudulent or that the policies, systems, standards, practices, and procedures used by Wells Fargo for reviewing, processing, providing, accepting, denying, or otherwise determining eligibility in connection with Class Members' HAMP loan modification applications or trial plans constituted unlawful debt collection or were deceptive, fraudulent, or unfair in violation of the UCL or Rosenthal Act (collectively, the "Released Claims").

**5.1.1**    The Release set forth in Section 5.1 applies to any Released Claims that could have been brought under the UCL or the Rosenthal Act regarding a HAMP TPP received from Wells Fargo on or before March 1, 2010 and that the Releasing Parties do not know or suspect to exist, which, if known by them, might have affected their decision to enter into this Agreement and to release the Released Parties or the Released Claims or might affect their decision to agree, object, or not object to the Settlement.  With respect to the Released Claims only, upon the date of Preliminary Approval, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

16

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**5.2**      The Releasing Parties also acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the Released Claims and the dismissal with prejudice contained in the Judgment or the law applicable to such claims may change, but that they expressly accept and assume the risk of those possible differences and that it is their intention to expressly waive and finally and forever to settle and release the Released Claims, notwithstanding any unknown facts, and that the releases set forth in this Settlement Agreement remain effective notwithstanding such differences in fact. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

**5.3**      Upon issuance of the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members for the Released Claims; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); and (iii) Settlement Class Members shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction concerning the Released Claims.

**5.4**      The obligations incurred pursuant to this Agreement shall be a full and final disposition of this Action and any and all Released Claims as against all Released Parties.

6.     **CLASS NOTICE**

6.1     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall give Class Notice or cause Class Notice to be given to all potential Class Members as described below.

6.2     The Class Notice Plan shall include:

6.2.1   <u>Mail Notice</u>: Within twenty (20) calendar days following the entry of the Preliminary Approval Order, the Settlement Administrator shall provide the Mail Notice, substantially in the form attached hereto as Exhibit 1, via U.S. Mail to the Class Members on the Class List, as updated by the Settlement Administrator using the National Change of Address registry.  For Class loans associated with more than one Class Member and where such Class Members have the same last-known mailing address, the Settlement Administrator shall mail a single Mail Notice to all such Class Members.  After posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator shall utilize the National Change of Address registry in an attempt to obtain better addresses for such returned Notices, and should that registry show a more current address, the Settlement Administrator shall post the returned Mail Notice to the more current address; provided however, if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to repost the Class Notice(s) at least twenty (20) days before the scheduled Fairness Hearing, then the Settlement Administrator need make no further efforts to provide further Mail Notice to such person(s). The Settlement Administrator will promptly re-mail any Mail Notices that are returned as undeliverable with a forwarding address to such forwarding address.

**6.2.2**   Class Website Notice: Within fifteen (15) calendar days of entry of the Preliminary Approval Order, the Long Form Notice substantially in the form attached as Exhibit 2 shall be posted on the Class Website. The Class Website shall make available for download: an as-filed copy of this Agreement, the Motions for Preliminary Approval and Final Approval, Class Counsel's petition for approval of a Fee Award and Case Contribution Award, the Preliminary Approval Order, the First Amended Complaint in the Corvello Action, the Amended Complaint in the Jackmon Action, answers to frequently asked questions, the number for the toll-free hotline maintained by the Settlement Administrator for this Settlement, Settlement-related deadlines, and any additional documents or information as agreed to by the Parties or Ordered by the Court not already posted. The Class Website shall also clearly list the appropriate contact information for submitting Requests for Exclusion and filing objections, and identify the date, time, and location of the Fairness Hearing.

**6.2.3**   Notice under Class Action Fairness Act. Wells Fargo shall cause notice of the Agreement, together with all required documents, to be sent to the appropriate governmental authorities in accordance with the Class Action Fairness Act.

**6.3**   No later than fourteen (14) days prior to the Fairness Hearing, the Settlement Administrator will provide an affidavit to the Parties verifying that it caused Notice to be sent to the Class Members in accordance with this Agreement, as approved by the Court.

**7.   OPT-OUTS AND OBJECTIONS**

**7.1**   Opt-Outs. To exercise the right to opt-out and be excluded from the Class and the Settlement, a person who would otherwise fall within the definition of the Settlement Class seeking to do so must mail a complete Request for Exclusion to the Settlement Administrator that is postmarked by the Opt-Out Deadline. The Request for Exclusion must:  (a) identify the

case name; (b) identify the name and address of the person requesting exclusion; (c) identify the address of the property subject to the mortgage loan for which a HAMP TPP was received on or before March 1, 2010, (d) identify the loan number for that loan, (e) be personally signed by the person requesting exclusion; and (f) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Wells Fargo HAMP Class Action." Mass or class opt-outs shall not be allowed. No person may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Notwithstanding the above, when a Class loan is associated with more than one Class Member, a Request for Exclusion signed by one Class Member will serve to opt-out any other Class Member who is an obligor on the same loan.

**7.2**      Requests for Exclusion post-marked after the Opt-Out Deadline will be considered invalid and of no effect, and the Class Member who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any orders entered by the Court (including a Final Judgment and Order Approving Settlement approving the Agreement and implementing the Release contemplated thereby).

**7.3**      Any person who would otherwise fall within the definition of the Settlement Class who desires to opt out must take timely affirmative written action pursuant to this Section, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative or actual class member in any other class action filed against any of the Released Parties.

**7.4**      All Settlement Class Members (exclusive of those who submit a valid Request for Exclusion) will be bound by this Agreement and the Judgment, including the Release

contained herein. Any person who would otherwise fall within the definition of the Settlement Class who timely and properly submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement or this Litigation.

**7.5** The Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with a list of all timely Requests for Exclusion within three (3) business days after the Opt-Out Deadline.

**7.6** In the event that the number of loans for which Class Members submit a valid Request for Exclusion exceeds 5% of the loans in the Class, then Wells Fargo, in its sole discretion, may at any time prior to seven (7) business days before the Fairness Hearing, notify Class Counsel in writing that Wells Fargo believes the Settlement cannot achieve its purpose. In that event, this Settlement Agreement shall become null and void for all purposes, the Parties and the Action shall be returned to the *status quo ante*, the Parties shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated, and neither this Agreement nor the Parties' willingness to enter into the Settlement shall be used or referred to for any purpose.

**7.7** Objections. Any Class Member who intends to object to this Agreement must do so in writing by the Objection Deadline. The written objection must be filed with the Court no later than the Objection Deadline. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement that the objector is a Settlement Class Member; (d) a statement whether the objector intends to appear at the Fairness Hearing, either in person or through counsel; (e) a statement of the objection and the

grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, or the annotation "/s" or similar annotation will not suffice).

7.8     Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Fairness Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Settlement Class Members or their attorneys who state an intention to make an appearance at the Fairness Hearing must file a notice of appearance with the Court, no later than ten (10) days before the Fairness Hearing, or as the Court may otherwise direct.

7.9     Any Settlement Class Member who fails to comply with the provisions of Sections 7.7 and 7.8 above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all of the terms of this Settlement Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

## 8.    SETTLEMENT ADMINISTRATION

8.1     <u>Settlement Administrator's Duties</u>.  The Settlement Administrator shall administer the relief provided by this Agreement in a cost-effective and timely manner by, among other things, maintaining the Class Website, implementing the Class Notice Plan and disseminating the Mail Notice, receiving Requests for Exclusion, and processing and mailing Settlement Payments and Redistributed Payments to Class Members.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.

The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Wells Fargo's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with information concerning Class Notice, Requests for Exclusion, Settlement Payment processing, and implementation of the Agreement. Wells Fargo may direct the Settlement Administrator to assist with various additional administrative tasks in implementing the Settlement as Wells Fargo shall deem appropriate in its sole discretion.

  **8.2**  The Settlement Administrator's reasonable settlement administration expenses incurred in accordance with this Settlement Agreement shall be paid by Wells Fargo separate and apart from the Settlement Payments. In no event shall the Class or Class Counsel be responsible for Settlement administration expenses.

  **8.3**  The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

  **8.4**  In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member.

9.      **SETTLEMENT PAYMENTS**

**9.1**      Within forty-five (45) days of the Effective Date, the Settlement Administrator shall mail the Settlement Payments to Settlement Class Members.  Prior to the mailing of the Settlement Payments, the Settlement Administrator will reconfirm the address at which the Settlement Class Member receives mail including by rerunning the addresses through the National Change of Address registry.  Each Settlement Payment will be made on a per loan basis, regardless of the number of Settlement Class Members who are obligors on a Class loan. Each Settlement Payment will be made in the form of a single check, which shall be made payable to all Settlement Class Members who are obligors on a Class loan.  The Settlement Administrator will promptly re-mail any Settlement Payments that are returned as undeliverable with a forwarding address to such forwarding address.

**9.2**      Any monies remaining from Settlement Payment checks that are not negotiated within 90 calendar days of issuance shall be redistributed pro rata to those Settlement Class Members who timely negotiated a Settlement Payment ("Redistributed Payments"), unless the Redistributed Payments would be less than five dollars ($5.00) each.  Any Redistributed Payments that are made will become void if not negotiated within 90 calendar days of issuance. Any monies remaining after the Settlement Payments and the Redistributed Payments (if any) are made shall be distributed as a *cy pres* award to BALANCE (formally known as Consumer Credit Counseling Service of San Francisco (CCCSSF)).

**9.3**      No later than thirty (30) days after the Effective Date, Wells Fargo shall ensure that the Settlement Administrator has adequate funds to issue the Settlement Payments.

10.     **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF
        EXPENSES; CASE CONTRIBUTION AWARD.**

    **10.1**     No later than forty-five (45) days prior to the Fairness Hearing, Class Counsel

shall make, and Wells Fargo agrees not to oppose, an application for an award of attorneys' fees

and expenses not to exceed $540,590.06.  Class Counsel agrees that the amount awarded by the

Court shall compensate them for all legal work incurred by them in prosecuting the Certified

Claims up to and including the date of the Judgment, including any appeal of the Judgment, as

well as for all legal work and expenses that may be incurred in the Litigation after the date of the

Judgment.  This is in addition to the fees and expenses recovered by said counsel pursuant to the

settlements of the non-certified claims.

    **10.2**     Plaintiffs shall make this application pursuant to the terms of this Agreement,

section 1021.5 of the California Code of Civil Procedure, section 1788.30 of the California Civil

Code, the equitable substantial benefit doctrine, or otherwise.  The application for an award of

attorneys' fees and expenses will be made by Class Counsel on behalf of themselves and the

other Plaintiffs' Counsel.  Class Counsel shall be responsible for distributing and allocating the

attorneys' fees and expense award to Plaintiffs' Counsel in their sole discretion.

    **10.3**     In addition to the Settlement Payment otherwise due to a Settlement Class

Member, Wells Fargo agrees to pay the Class Representatives a Case Contribution Award, as

approved by the Court, in an amount not to exceed the sum of $5,000 each.

    **10.4**     Wells Fargo shall pay the Fee Award and Case Contribution Awards within

thirty (30) days after the Effective Date.  Such awards shall be paid to Class Counsel provided

that Class Counsel and the Class Representatives have delivered fully executed IRS Forms W-9

to Wells Fargo's Counsel.  Thereafter, Class Counsel shall distribute the Fee Award among

Plaintiffs' Counsel and the Case Contribution Awards to the Class Representatives. If, for any reason, the Fee Award approved by the Court exceeds the amount requested by Class Counsel, within ten (10) days of the order of such an Award, Wells Fargo shall have the right, and it may, within its discretion, terminate this Settlement and have this Settlement Agreement deemed null and void.

**10.5**     The procedure for and the grant or denial or allowance or disallowance by the Court of the Fee Award and the Case Contribution Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for a Fee Award and Case Contribution Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of Judgment approving the Agreement and the Settlement, except as provided for in Section 10.4.

**11.    COVENANTS**

The Parties covenant and agree as follows:

**11.1**     <u>Covenants Not to Sue</u>.  Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity or any other forum.

The foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

12.    **TERMINATION OF AGREEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

**12.1**    The Class Representatives, on behalf of the Class, or Wells Fargo, shall have the right to terminate this Agreement by providing written notice of their election to do so to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's declining to enter the Preliminary Approval Order in any material respect, (ii) the Court's refusal to approve this Agreement in any material respect, (iii) the Court's declining to enter the Final Judgment and Order Approving Settlement in any material respect, or (iv) the date upon which the Judgment is modified or reversed in any material respect by the Ninth Court of Appeals or the United States Supreme Court.

**12.2**    If any of the Parties are in material breach of the terms of this Agreement, any of the opposing Parties, provided that they are in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

**12.3**    If this Agreement is terminated or fails to become Final for any of the reasons set forth above, the Settlement shall be null and void from its inception and the Parties shall be restored to their respective positions in this Action as of the date of signing this Agreement. In such event, the Judgment granted by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**12.4**    Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any requested Fee Award set forth in Section 10.1 or the Case Contribution Award to the Class Representatives set forth in Section 10.3 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event that the Court declines to award a Fee Award or Case Contribution Award in the amounts sought by the Class

27

Representatives and Class Counsel, or at all, the remaining provisions of this Settlement Agreement shall remain in full force and effect.

## 13.    MISCELLANEOUS PROVISIONS

**13.1**    Class Counsel agrees that, apart from taking the necessary steps to conclude this Settlement as set forth herein, they shall not issue a press release for the purposes of publicizing this Settlement or its terms.

**13.2**    The Parties (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.

**13.3**    The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.  The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

**13.4**    Whether or not the Effective Date occurs or this Agreement is terminated, this Agreement (or any act performed or document executed pursuant to or in furtherance thereof):

**13.4.1**  Shall not be deemed, or used, offered, or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

28

**13.4.2**  Shall not be deemed, or used, offered, or received against Wells Fargo, as an admission, concession, or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

**13.4.3**  Shall not be deemed, or used, offered, or received against Plaintiffs or the Class, or each or any of them, as an admission, concession, or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Wells Fargo, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

**13.4.4**  Shall not be deemed, or used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, set aside, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**13.4.5**  Shall not be deemed or construed against Plaintiffs and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**13.4.6**  Shall not be deemed, or construed as or received in evidence as an admission or concession against Plaintiffs and the Class, or each and any of them, or against the

Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**13.5** All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

**13.6** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect. Capitalized terms need not be capitalized to retain their defined meanings.

**13.7** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**13.8** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**13.9** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all the Parties to the Agreement or their respective successors-in-interest.

**13.10** Except as otherwise provided herein, each Party shall bear its own costs and waive any rights to appeal.

**13.11**     Each counsel or other person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such person has the full authority to do so, that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms, and that none of their claims or rights under this Settlement Agreement have been assigned to any other person.

**13.12**     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court upon request.

**13.13**     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**13.14**     This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of California, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

**13.15**     The Court shall retain jurisdiction of the Action to enforce the terms of this Agreement, the Judgment, as well as any releases and bar to suits contemplated by the Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

**13.16**     Except as agreed by the Parties in writing, within thirty (30) days after the Effective Date, Class Counsel shall destroy all electronically stored information, testimony, or

other information produced by Wells Fargo in the Litigation, and shall so certify in writing. Pursuant to the Stipulated Protective Orders entered in the Action, and notwithstanding the foregoing, Plaintiffs' Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product.

13.17    The following principles of interpretation apply to the Agreement:  (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successor-in-interest; and (c) whenever the words "include," includes," or 'including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

13.18    The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Judgment is entered.

13.19    This Agreement and the Exhibits thereto are deemed to have been drafted and prepared by counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

13.20    All notices to the Parties or Counsel required by the Agreement shall be made in writing and communicated by U.S. Mail and e-mail to the following:

If to the Class Representatives or Class Counsel:

Timothy G. Blood
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
(619) 338-1100
tblood@bholaw.com
www.bholaw.com

Thomas E. Loeser
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 330
Seattle, WA 98101
(206) 623-7292
toml@hbsslaw.com
www.hbsslaw.com

Peter B. Fredman
Law Offices of Peter Fredman
125 University Ave., Suite 102
Berkeley, CA 94710
(510) 868-2626
www.peterfredmanlaw.com
peter@peterfredmanlaw.com

If to Wells Fargo or Wells Fargo's Counsel:

David D. Christensen
David.Christensen@klgates.com
Jennifer J. Nagle
Jennifer.Nagle@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950


The notice recipients and addresses designated above may be changed by written

agreement of the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: June 29 2017                    By: _____

                                       Phillip Corvello, individually and on behalf
                                       of the Class

Dated: June ___, 2017                  By:_____

                                       Amira Jackmon, individually and on behalf
                                       of the Class

Dated: June 22, 2017                   By_____

                                       On behalf of Wells Fargo Bank, N.A.

APPROVED AS TO FORM AND CONTENT:

Dated: June ___, 2017                  By:_____

                                       Thomas E. Loeser
                                       Hagens Berman Sobol Shapiro LLP

Dated: June ___, 2017                  By:_____

                                       Timothy G. Blood
                                       Thomas J. O'Reardon II
                                       Blood Hurst & O'Reardon, LLP

Dated: June ___, 2017                  By:_____

                                       Peter B. Fredman
                                       Law Offices of Peter Fredman

                                       Counsel for Plaintiffs and the Class

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: June ___, 2017

By:_____

Phillip Corvello, individually and on behalf of the Class

Dated: June 3 0, 2017

By:_____

Amira Jackmon, individually and on behalf of the Class

Dated: June 22, 2017

By:_____

On behalf of Wells Fargo Bank, N.A.

APPROVED AS TO FORM AND CONTENT:

Dated: June 30, 2017

By: THOMAS LOESER/PBF

Thomas E. Loeser
Hagens Berman Sobol Shapiro LLP

Dated: June ___, 2017

By:_____

Timothy G. Blood
Thomas J. O'Reardon II
Blood Hurst & O'Reardon, LLP

Dated: June 30, 2017

By:_____

Peter B. Fredman
Law Offices of Peter Fredman

Counsel for Plaintiffs and the Class

34

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: June ____, 2017                    By:_____

                                          Phillip Corvello, individually and on behalf
                                          of the Class

Dated: June ____, 2017                    By:_____

                                          Amira Jackmon, individually and on behalf
                                          of the Class

Dated: June 22, 2017                      By:_____

                                          On behalf of Wells Fargo Bank, N.A.


APPROVED AS TO FORM AND CONTENT:

Dated: June ____, 2017                    By:_____

                                          Thomas E. Loeser
                                          Hagens Berman Sobol Shapiro LLP

Dated: June 29, 2017                      By:_____

                                          Timothy G. Blood
                                          Thomas J. O'Reardon II
                                          Blood Hurst & O'Reardon, LLP

Dated: June ____, 2017                    By:_____

                                          Peter B. Fredman
                                          Law Offices of Peter Fredman

                                          Counsel for Plaintiffs and the Class

Dated: June 29, 2017

By: *Irene C. Freidel*

Irene C. Freidel
K&L Gates LLP

Counsel for Wells Fargo Bank, N.A.

# EXHIBIT 1

# LEGAL NOTICE

*A federal court authorized this notice. This is not a solicitation from a lawyer. You have not been sued.*

**If you are a California residential mortgage borrower who (a) entered into a Home Affordable Modification Program (HAMP) Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made all of the scheduled trial payments, but (c) did not obtain a permanent HAMP modification as a result of that Trial Period Plan, <u>you could get a payment from a class action settlement</u>.**

*Visit <u>www.Corvello-JackmonHAMPClassAction.com</u> for more information*

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

A Settlement has been proposed in related class action lawsuits against Wells Fargo Bank, N.A. ("Wells Fargo"). The lawsuits, called *Phillip Corvello v. Wells Fargo Bank, N.A.*, No. 10-5072-VC and *Amira Jackmon v. America's Serving Co.*, No. 11-3884-VC, are pending in the United States District Court for the Northern District of California (the "Court"). Your legal rights are affected whether you act or don't act. <u>Please read this notice carefully.</u> Please also visit *www.Corvello-JackmonHAMPClassAction.com* to learn more about the Settlement and access important case documents.

### What Is This Lawsuit About?

The lawsuits claim that Wells Fargo's use of the Home Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") constituted an unlawful, unfair, fraudulent and deceptive debt collection practice and that Wells Fargo improperly collected HAMP TPP payments from the Class Members who received a TPP up until March 1, 2010. In 2016, the Court decided that plaintiffs' claims under California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and California's Unfair Competition Law ("UCL") (collectively, the "Certified Claims") could proceed as a class action.

The Court has appointed plaintiffs Phillip Corvello and Amira Jackmon as "Class Representatives" to represent the Class as to the Certified Claims.

The lawsuits also claimed that the HAMP TPP was a contract that Wells Fargo breached, but those "contract claims" were not certified for class action treatment, which means that persons who believe they have contract claims or other non-Certified Claims against Wells Fargo based on the TPP have to pursue those claims on their own and at their own expense.

Wells Fargo denies that it violated any law and maintains that it did nothing wrong. The Court has not determined who is right. Instead, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of further litigation.

### How Do I Know If I Am Included In The Settlement?

The Settlement includes a group of people called "Class Members." You are a Class Member if you are or were a California residential mortgage borrower who (a) entered into a Home Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") with Wells Fargo Bank, N.A. a/k/a America's Servicing Company ("Wells Fargo") effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of the that TPP (the "Class"). If you received this notice in the mail, it is because Wells Fargo's records indicate that you may fit this definition and you did not exclude yourself from the Class in 2016. You are not a Class Member merely because you received this notice. There are other exceptions to being in the Class that are explained in greater detail at *www.Corvello-JackmonHAMPClassAction.com*.

### What Can I Get From The Settlement?

The proposed Settlement will provide each Class Member an equal share (on a per loan basis) of $750,000 in settlement of the Certified Claims. As described in greater detail at *www.Corvello-JackmonHAMPClassAction.com*, the per-loan payment would be approximately $65.45. Unused funds will be distributed to Class Members or to a Court-approved, non-profit organization, and will not be returned to Wells Fargo.

Any amounts awarded by the Court for Class Counsel's attorneys' fees and expenses or for a service award for each Class Representative will <u>not</u> be paid out of the $750,000 designated for Settlement Payments. Under the Settlement, these amounts will be paid separately by Wells Fargo, and on top of the $750,000. Wells Fargo is also paying the costs of providing notice and administering the Settlement. Those costs are also on top of the $750,000.

### How Can I Get A Cash Payment From The Settlement?

Class Members will be automatically mailed a Settlement Payment if the Settlement becomes Final, as defined in Section 2.16 of the Settlement Agreement (available at *www.Corvello-JackmonHAMPClassAction.com*). Even if the Court approves the Settlement, there may be appeals. The appeal process can take time, perhaps more than a year. You will not receive your award until any appeals are resolved. Please be patient.

### What Are My Options?

You may choose to stay in the lawsuit, request to exclude yourself from the lawsuit, object, and/or appear in Court.

Do Nothing/Stay in Class. If you do nothing, you are choosing to stay in the Class. If the Settlement is approved and becomes Final, you will receive a Settlement Payment as described above. You will also be bound by all orders and judgments of the Court, which means you will "release" Wells Fargo and can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo (or certain other "Released Parties") about the "Certified Claims." Your release of the Certified Claims includes any claims that you could have brought under the UCL or the Rosenthal Act regarding a HAMP TPP received on or before March 1, 2010, even if those claims are based on facts that you do not know or suspect to exist at this time, and which, if known, might affect your decision to agree, object, or not object to the Settlement. However, your release does not include any breach of contract claim or other non-Certified Claims you may have regarding a HAMP TPP received on or before March 1, 2010.

File an Objection. If you stay in the lawsuit, you can object to the Settlement. You or your lawyer may also ask to appear before the Court. Your written objection must be filed with the Court no later than _____, 2017**.**

If you do not file a timely written objection, you will waive your right to be heard at the Fairness Hearing. However, the Court may excuse your failure to file a written objection upon a showing of good cause, which, if granted, would permit you to still appear at the Fairness Hearing and object to the Settlement.

Exclude Yourself. ***If you want to keep your right to sue Wells Fargo for the claims that are being released in the Settlement, you must submit a request for exclusion by _____.*** If you exclude yourself, you cannot receive a Settlement Payment, but you will keep your right to sue Wells Fargo in a different lawsuit. You will not be bound by any orders and judgments of the Court.

The detailed notice, available at *www.Corvello-JackmonHAMPClassAction.com*, explains all of your rights and options and the requirements for acting on them.

### Who Represents Me?

The Court has appointed Timothy Blood and Thomas O'Reardon of Blood Hurst & O'Reardon LLP, Thomas Loeser of Hagens Berman Sobol Shapiro LLP, and Peter Fredman of the Law Office of Peter Fredman to represent the Class as Class Counsel in this case.

You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Class Counsel will ask the Court for attorneys' fees and expenses not to exceed $540,590.06. They will also ask for $5,000 service awards to be provided to each of the Class Representatives for their services in this case, which lasted over six years. The Court may award less than the awards requested. If approved, the awards will be provided separately by Wells Fargo.

### The Court's Fairness Hearing.

The Court will hold the Fairness Hearing at __:__ __.m. on _____, 2017, before Judge Vince Chhabria in Courtroom 4 (17th Floor) at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. At this hearing, the Court will consider whether to approve the terms of the Settlement and the requested attorneys' fees and expenses award and the Class Representative service awards. The Court will also hear any objections concerning the Settlement. You are not required to come to the Fairness Hearing.

The date of the Fairness Hearing may change without further notice to you. Any changes to the date, time, or place of the Fairness Hearing will be posted at *www.Corvello-JackmonHAMPClassAction.com*.

### How Do I Get More Information?

More information, including the Settlement Agreement, a more detailed settlement notice, and other important documents regarding the lawsuits are available at *www.Corvello-JackmonHAMPClassAction.com*. You may also call the Settlement Administrator toll free at **1-8__-___-____**, or contact Class Counsel at the addresses or phone numbers below.

You can also access information about the lawsuits through the Court's PACER website. To learn about PACER and register for a PACER account, go to https://www.pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl. You can also access documents by visiting the Clerk's Office located at United States District Court for the Northern

District of California, 450 Golden Gate Avenue, San
Francisco, CA 94102.

**CLASS COUNSEL**

Timothy G. Blood
Thomas J. O'Reardon II
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
(619) 338-1100
tblood@bholaw.com
toreardon@bholaw.com

Thomas E. Loeser
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 330
Seattle, WA 98101
(206) 623-7292
toml@hbsslaw.com

Peter B. Fredman
Law Offices of Peter Fredman
125 University Ave., Suite 102
Berkeley, CA 94710
(510) 868-2626
peter@peterfredmanlaw.com

**1-8__-___-____**
**www.Corvello-JackmonHAMPClassAction.com.**

# EXHIBIT 2

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

*A federal court authorized this notice. This is not a solicitation from a lawyer. You have not been sued.*

**If you are a California residential mortgage borrower who (a) entered into a Home Affordable Modification Program (HAMP) Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made all of the scheduled trial payments, but (c) did not obtain a permanent HAMP modification as a result of that Trial Period Plan, <u>you could get a payment from a class action settlement.</u>**

## Summary of the Class Action Settlement

- A Settlement has been proposed in related class action lawsuits against Wells Fargo Bank, N.A. ("Wells Fargo") pending in the United States District Court for the Northern District of California.

- The proposed Settlement will provide each Class Member an equal share (on a per loan basis) of $750,000 in settlement of certain claims against Wells Fargo that the Court certified for class action treatment (the "Certified Claims"). As described below, the per-loan payment would be approximately $65.45.

- Your legal rights with respect to the Certified Claims are affected whether or not you act. Your rights with respect to non-Certified Claims are not affected. Please read this Notice carefully.

- You are likely a "Class Member" if you meet the above criteria. If so, you should have received a notice of the Class Certification in this case last year. If you received notice by mail, it is because Wells Fargo's records indicate you are a Class Member, and did not elect to exclude yourself from the Class last year. However, under the proposed Settlement, you have another opportunity to exclude yourself from the Class, as set forth below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Stay in this lawsuit and automatically get a payment in settlement of the Certified Claims (if the Settlement is approved and becomes Final). The Settlement <u>does not</u> require you to submit a claim in order to receive a payment. Give up your rights to sue or continue suing Wells Fargo on your own regarding the Certified Claims. |
| **ASK TO BE EXCLUDED** | Get no payment. Keep rights to file your own lawsuit (or continue to pursue an existing lawsuit) against Wells Fargo regarding the Certified Claims. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **ATTEND A HEARING** | Ask to speak to the Court about the fairness of the Settlement, which is set for ____, 2017, at __ [a.m./p.m.]. Any change to the date, time and location of the Fairness Hearing will be published at www.Corvello-JackmonHAMPClassAction.com. |

- These rights and options, **and the deadlines to exercise them**, are explained in this Notice.

- Settlement Payments will be made if the Court finally approves the Settlement and after any appeals are finally resolved and the Settlement becomes Final. Please be patient. It may be some time before the Settlement becomes Final.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION..................................................................................Error! Bookmark not defined.

WHO IS IN THE SETTLEMENT ............................................................................................- 5 -

THE SETTLEMENT BENEFITS—WHAT YOU GET ..........................................................- 6 -

THE LAWYERS REPRESENTING YOU ................................................................................- 7 -

EXCLUDING YOURSELF FROM THE SETTLEMENT .....................................................- 8 -

OBJECTING TO THE SETTLEMENT ...................................................................................- 8 -

THE FINAL APPROVAL HEARING .....................................................................................- 10 -

IF YOU DO NOTHING ...........................................................................................................- 11 -

GETTING MORE INFORMATION.......................................................................................- 11 -

# BASIC INFORMATION

| 1. | WHY DID I GET NOTICE AND WHY SHOULD I READ IT? |
|---|---|

This Notice is to inform you of a proposed settlement of related class action lawsuits, entitled *Corvello v. Wells Fargo Bank, N.A. and Jackmon v. America's Serving Company*, Case Nos. 10-cv-5072 and 11-cv-3884, brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of California. The two lawsuits have been proceeding together and are collectively referred to as the "Action." The Court has granted Preliminary Approval of the Settlement and has set a final Fairness Hearing to take place on _____, 2017 at ___:___ _.m. in the United States Courthouse, Courtroom 4 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine if the Settlement is fair, reasonable, and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and service awards for the Class Representatives.

This Notice explains the nature of the Action, the terms of the Settlement, and the legal rights and obligations of the Class Members. Please read this Notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this Notice. Your legal rights are affected regardless of whether you act.

| 2. | WHAT IS THIS LAWSUIT ABOUT? |
|---|---|

Plaintiffs filed lawsuits claiming, generally speaking, that Wells Fargo's use of the Home Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") constituted an unlawful, unfair, fraudulent and deceptive debt collection practice and that Wells Fargo improperly collected HAMP TPP payments from the Class Members who received the TPP until March 1, 2010. The lawsuits also claimed that the TPP was a contract that Wells Fargo breached, but those "contract claims" were not certified for class action treatment.

Wells Fargo does not believe that Plaintiffs' claims have merit and it denies any and all liability for the claims alleged in the Action. In addition, Wells Fargo asserts that California law does not entitle Plaintiffs or Class Members to a return of modified and/or trial payments that they made pursuant to their mortgages. Further, Wells Fargo states that the TPP is a government-form document that it was required to use, and that Wells Fargo's implementation of HAMP was consistent with directives issued by United States Department of Treasury, which oversaw the HAMP program.

Judge Vince Chhabria of the United States District Court for the Northern District of California (the "Court") is overseeing the case. On January 29, 2016 and April 18, 2016, the Court granted class certification as to Plaintiffs' claims that Wells Fargo's use of the HAMP TPP constituted unlawful, fraudulent, unfair and deceptive debt collection and business practices under California's Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788, et seq. ("Rosenthal Act") and California's Unfair Competition Law, Business & Professions Code §§ 17200, et seq. ("UCL") (collectively, the "Certified Claims"). The Court denied certification of the breach of contract claims, which means that persons who believe they have contract claims against Wells Fargo based on the TPP have to pursue those individually. Although this Settlement impacts the right of a Class Member to sue or continue to sue about the Certified Claims, it does not impact a Class Member's rights to individually pursue a breach of contract claim or other claims in a different lawsuit. However, you should promptly consult an attorney because the statute of limitations may expire on your claims. In June 2016, Plaintiffs served Notice of Class Certification of the Certified Claims on all Class Members identified as such based on Wells Fargo's records.

On May 4, 2017, the Court entered summary judgment in Wells Fargo's favor as to the certified UCL claims, but denied Wells Fargo's motion for summary judgment on the certified Rosenthal Act claims. However, the

Court has not decided whether Wells Fargo did anything wrong.

## 3.   WHAT IS A CLASS ACTION?

A class action is a lawsuit in which one or more plaintiffs—in this case, the individuals Phillip Corvello and Amira Jackmon ("Plaintiffs")—sue on behalf of themselves and other people who have allegedly similar claims.  The individuals on whose behalf the Settlement has been made are called "Class Members" and those individuals are described in response to Question 5 below.  In a class action, one court resolves the Certified Claims for all Class Members, except for those who "exclude" themselves from the Class. U.S. District Judge Vince Chhabria is in charge of this class action.

The Settlement has already been preliminarily approved by the Court. However, as the settlement of a class action determines the rights of all members of the Settlement Class, the Court in which this lawsuit is pending must give "final approval" to the Settlement before it can take effect. The Court has preliminarily approved the Settlement so that members of the Settlement Class can be given this Notice and the opportunity to exclude themselves from the Settlement Class or to voice their support or opposition to final approval of the Settlement. If the Settlement is not given final approval by the Court, or the parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no Settlement.

## 4.   WHY IS THERE A SETTLEMENT?

Based on the Court's rulings to date, the parties have agreed to this Settlement in order to resolve this matter without the expense and uncertainties of additional litigation. Wells Fargo denies all allegations of wrongdoing or liability against it and believes that it has meritorious defenses to Plaintiffs' claims.  Plaintiffs and their attorneys believe that the Settlement is in the best interests of the Settlement Class, and that it is fair, reasonable, and adequate.

# WHO IS IN THE SETTLEMENT

To see if you are eligible for benefits, you first have to determine whether you are a Class Member.

## 5.   WHO IS INCLUDED IN THE SETTLEMENT AND HOW DO I KNOW IF I AM A CLASS MEMBER?

With some limited exceptions, described below, the Class Members are California residential mortgage borrowers who (a) entered into a Home Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") with Wells Fargo Bank, N.A. a/k/a America's Servicing Company ("Wells Fargo") effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of the pre-March 1, 2010 TPP (the "Class").  If you received notice in the mail, it is because Wells Fargo's records indicate that you fit the definition and did not opt-out of the Class last year when you received notice of the class certification.  Only persons who meet all of the criteria set forth above, or any other criteria the Court may later add, and who do not fall within one of the exclusions listed in the next paragraph, will be Class Members. If you were identified as a Class Member by mistake, or the Court later decides that you do not meet different or added qualifications, you will not be a Class Member. You are not a Class Member merely because you received this notice.

The Class does not include the following persons: (1) any Judge or Magistrate presiding over the lawsuit and members of their immediate families, (2) officers and directors (and members of their immediate families) of Wells Fargo, Wells Fargo's subsidiaries, parent companies, successors, predecessors, and any entity in which Wells Fargo or its parent companies have a controlling interest, (3) persons who properly execute and serve a timely Request for Exclusion (see

Question 12 below), (4) persons who timely opted out of the lawsuit in connection with the class notice that was mailed on or about June 28, 2016, and (5) persons who have already released their claims against Wells Fargo that are covered by this Settlement (including persons who were members of the settlement class in *Wigod v. Wells Fargo Bank*, N.A., No. 10-2348 (N.D. Ill.)), and the legal representatives, successors or assigns of any such excluded persons.

If you are unsure whether you are a Class Member, you may view an example of the HAMP TPP document at issue at www.Corvello-JackmonHAMPClassAction.com.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6.  WHAT DOES THE SETTLEMENT PROVIDE?

If the Settlement becomes Final, Class Members will be automatically sent an equal share of $750,000. The Settlement Payments would be made on a per-loan basis.  Accordingly, if a loan in the Class has more than one borrower, those borrowers would share the Settlement Payment for that loan.  If each Class Member for the 11,460 Class loans remains in the Class (i.e., do not elect to opt-out of the Settlement) and are not otherwise excluded from receiving a Settlement Payment, the per-loan payment would be approximately $65.45.  If any Settlement Payments are not cashed within 90 days of issuance, the unused funds will be redistributed in equal shares to Class Members who timely cashed a settlement payment, unless the redistributed payments would be less than $5.00. Any unused funds after the Settlement Payments or the redistribution, if any, will be distributed to Community Housing Council of Fresno or to some other similar non-profit organization or organizations as the Court determines. No portion of the $750,000 will be returned to Wells Fargo. The Settlement notice and distribution process will be administered by an independent settlement administrator approved by the Court, and paid for by Wells Fargo.

Any amounts for Settlement notice and administration, and any amounts awarded by the Court for Class Counsel's attorneys' fees and expenses or for a service award for each Class Representative will not be paid out of the $750,000. Under the Settlement, these amounts will be paid separately by Wells Fargo, and on top of the $750,000.

### 7.  HOW CAN I GET A SETTLEMENT PAYMENT?

If you are a Class Member (as set forth in Question 5 above) and do not exclude yourself from the Settlement Class, you do not need to do anything to receive your Settlement Payment.  Your Settlement Payment will be automatically mailed to you if the Court finally approves the Settlement and the Settlement becomes Final as set forth in Section 2.13 of the Settlement Agreement.

### 8.  WHEN WOULD I GET MY SETTLEMENT PAYMENT?

The Court will hold a hearing on [date] at [time] (which is subject to change), to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals. The appeal process can take time, perhaps more than a year. You will not receive your Settlement Payment until any appeals are resolved. Please be patient.

### 9.  IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?

Unless you "exclude" yourself from the Settlement Class by submitting a Request for Exclusion (see Appendix B at the end of this notice), you are staying in the Settlement Class, and that means you "release" and can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo or certain other "Released Parties" about the "Certified Claims" in this Action.  Your release of the Certified Claims includes any claims that you could have brought under the UCL or the Rosenthal Act regarding a HAMP TPP received on or before March 1,

2010, even if those claims are based on facts that you do not know or suspect to exist at this time, and which, if known, might affect your decision to agree, object, or not object to the Settlement.  Although the release includes any claims under the UCL or Rosenthal Act, it does <u>not</u> include other claims you may have regarding a HAMP TPP received on or before March 1, 2010.

The Settlement Agreement at Sections 2.27, 2.28 and 5 describes these "Released Claims" and "Released Parties" in necessary legal terminology, so read them carefully.  For ease of reference, we also attach the full release section in Appendix A to this notice.  The Settlement Agreement is available at www.Corvello-JackmonHAMPClassAction.com or in the public court records on file in this lawsuit.  You can talk to one of the lawyers listed in Question 10 below for free or you can, of course, talk to your own lawyer at your own expense if you have questions about the Released Claims or what they mean.

# THE LAWYERS REPRESENTING YOU

## 10.  WHO REPRESENTS THE SETTLEMENT CLASS?

**A.      Class Representatives**.  The Court has appointed Plaintiffs Phillip Corvello and Amira Jackmon to serve as the Class Representatives.

**B.      Class Counsel.**  The Court has approved the appointment of the following attorneys as Class Counsel:

| | | |
|---|---|---|
| Timothy G. Blood<br>Thomas J. O'Reardon II<br>**Blood Hurst & O'Reardon, LLP**<br>701 B Street, Suite 1700<br>San Diego, CA 92101<br>(619) 338-1100<br>tblood@bholaw.com<br>toreardon@bholaw.com<br>www.bholaw.com | Thomas E. Loeser<br>**Hagens Berman Sobol Shapiro LLP**<br>1918 Eighth Avenue, Suite 330<br>Seattle, WA 98101<br>(206) 623-7292<br>toml@hbsslaw.com<br>www.hbsslaw.com | Peter B. Fredman<br>**Law Offices of Peter Fredman**<br>125 University Ave., Suite 102<br>Berkeley, CA 94710<br>(510) 868-2626<br>peter@peterfredmanlaw.com<br>www.peterfredmanlaw.com |

They are experienced in handling similar class action cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer in connection with the Settlement, you may hire one at your own expense.

## 11.  HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees and reimbursement of expenses up to $540,590.06.  If the Court approves the award, it will be paid by Wells Fargo. The Class Members will not have to pay anything toward the fees or expenses of Class Counsel.

Class Counsel will also petition the Court for service awards of up to $5,000 each for the Class Representatives, Phillip Corvello and Amira Jackmon.  These awards, if approved by the Court, will be paid by Wells Fargo separately from the $750,000 for Settlement Payments to Class Members.  The purpose of the service awards is to compensate the Plaintiffs for their time, efforts and risks taken on behalf of the Settlement Class.  The Court may award less than these amounts.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a Settlement Payment, but you want to keep whatever legal rights you may have to sue or continue to sue Wells Fargo on your own, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

## 12. DO I HAVE TO REMAIN IN THE CLASS, AND IF NOT, HOW DO I EXCLUDE MYSELF?

You do not have to remain in the Class and can exclude yourself (or "opt-out") from the Settlement. If you do so, you will not be eligible to receive a Settlement Payment. If you choose to exclude yourself from the Settlement Class, you may pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter by mail saying that you want to be excluded from the Settlement Class. To ask to be excluded from the Settlement Class, send a letter that contains all of the following information: (1) the case name; (2) the full name and current address of the person seeking exclusion, (3) the address of the property subject to the mortgage loan for which a HAMP TPP was received on or before March 1, 2010, (4) the loan number for that loan, and (5) a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as "I hereby request that I be excluded from the proposed Settlement Class in the Wells Fargo HAMP Class Action." **Your exclusion request must be signed and also must be postmarked no later than _____, 2017, and sent to the Settlement Administrator at the following address: Corvello HAMP Class Action Settlement Administrator, _____.**

You may also use the ***Exclusion Request Form*** included below on this document or the one available at www.Corvello-JackmonHAMPClassAction.com.

A Request for Exclusion that does not include all of the above information, that is not sent to the Settlement Administrator's address listed above, or that is not postmarked on time, will not be valid and the person asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Class Member by the Settlement.

No person may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member can be opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Notwithstanding the above, when a Class loan is associated with more than one Class Member, a Request for Exclusion signed by one Class Member will serve to opt-out any other Class Member who is a borrower on the same loan.

## 13. WHAT HAPPENS IF I EXCLUDE MYSELF?

If you elect to opt-out or exclude yourself from the Settlement, you will (i) not have any rights as a member of the Settlement Class pursuant to the Settlement; (ii) not be able to receive a Settlement Payment, (iii) not be bound by any further orders or judgments in this case, and (iv) remain able to pursue the claims alleged in the case against Wells Fargo by filing your own lawsuit at your own expense. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under this Settlement, or no benefit at all.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

| **14. HOW CAN I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?** |
|---|

If you are a Class Member and do not exclude yourself from the Settlement Class, you or your attorney can oppose the Settlement, including Class Counsel's request for fees and expenses, and have the right to appear before the Court to do so. **Your objection to the Settlement or your notice of intent to appear before the Court must be submitted in writing to the Court at the following address: Clerk of Court, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, and be postmarked by _____, 2017.**

To be timely, your objection must be **filed** with the Court by no later than *[date]*, 2017, at the following address:

> Clerk of Court
> **United States District Court, Northern District of California**
> 450 Golden Gate Avenue
> San Francisco, CA 94201-3489

The objection or notice of intent to appear must be in writing and signed and include the case name *Corvello v. Wells Fargo Bank, N.A.*, Case No. 10-cv-5072 (N.D. Cal.) and/or *Jackmon v. America's Serving Company*, Case No. 11-cv-3884 (N.D. Cal.). The letter *must* include the following information: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement that the objector is a Class Member; (d) a statement whether the objector intends to appear at the Fairness Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will <u>not</u> suffice). The Court will consider all objections and comments from Class Members. If you intend to appear at the Fairness Hearing through counsel, your objection or comment must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not submit a written objection or comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and each of the Class Representative's service awards, in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing. However, the Court may excuse your failure to file a written objection upon a showing of good cause, which, if granted, would permit you to still appear at the Fairness Hearing and object to the Settlement.

*If you do not exclude yourself from the Settlement Class by filing a Request for Exclusion by _____, 2017, you will be deemed to have consented to the Settlement and to have released the Released Claims (as defined in the Settlement Agreement).*

| **15. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?** |
|---|

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or the lawsuit. You cannot request exclusion **and** object to the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. Class Members who do not exclude themselves may, if they wish, enter an appearance through their own counsel.

# THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a "Fairness Hearing" to decide whether to give Final Approval to the Settlement. You may attend the Fairness Hearing, and you may ask to speak, but you don't have to.

## 16. WHAT IS THE EFFECT OF FINAL APPROVAL?

If the Court grants final approval to the Settlement, whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not timely exclude themselves (or "opt-out") from the Settlement Class will <u>not</u> be permitted to continue to assert Released Claims in any other litigation against Wells Fargo or other persons and entities covered by the release. You can obtain a copy of the Settlement Agreement from the Clerk of the Court, online at www.Corvello-JackmonHAMPClassAction.com, or by writing to the Settlement Administrator at: Corvello HAMP Class Action Settlement Administrator, _____. If you do not wish to be a Class Member, you must exclude yourself from the Settlement Class (see Questions 12-13, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes that the Settlement Class will recover more than is provided for under the Settlement or that it will recover anything at all.

## 17. WHEN AND WHERE WILL THE COURT HOLD A HEARING ON THE FAIRNESS OF THE SETTLEMENT?

A Fairness Hearing has been set for _____, 2017 at __:__ __.m., before Judge Vince Chhabria in Courtroom 4 (17th Floor) at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. **At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.** After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

<u>Note:</u> The date and time of the Fairness Hearing are subject to change by Court Order and any change will be posted at www.Corvello-JackmonHAMPClassAction.com.

## 18. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions Judge Chhabria may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Judge will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 19. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you (or your attorney, if you decide to hire one at your own expense) must: (1) file an objection as set forth above in response to Question 14; and (2) file an appearance with the Court, no later than ten (10) days before the Fairness Hearing, or as the Court may otherwise direct.

Be sure to include your name, address, telephone number, and your signature. You may also be required to provide proof that you are a Class Member. Your (or your attorney's) appearance must be filed with the Court no later than ten (10) days before the Fairness Hearing. You cannot speak at the Fairness Hearing if you exclude

yourself.

If you want to speak at the Fairness Hearing without having followed these procedures, you may do so if you demonstrate good cause to the Court.

# IF YOU DO NOTHING

### 20. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will be part of the Class. You will receive a cash payment from the Settlement as described in response to Questions 6-8 above. However, you will <u>not</u> be permitted to continue to assert Released Claims in any other litigation against Wells Fargo or other persons and entities covered by the release.

# GETTING MORE INFORMATION

### 21. HOW CAN I GET MORE INFORMATION?

For more information, or to view key case documents, please visit the Settlement Website at www.Corvello-JackmonHAMPClassAction.com.  If you still have questions, you may contact Class Counsel by email or telephone at the addresses or numbers listed in response to Question 10 above.

You can also access information about this case through the Court's PACER website.  To learn about PACER and register for a PACER account, go to https://www.pacer.gov/.  Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl.  You can also access and retrieve documents from the Court's docket by visiting the Clerk's Office located at United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

PLEASE DO <u>NOT</u> ATTEMPT TO CONTACT THE COURT DIRECTLY BECAUSE IT CANNOT PROVIDE YOU WITH INFORMATION.

DATED: _____ | UNITED STATES DISTRICT JUDGE

Appendix A – Release

Appendix B – Exclusion Request Form

Appendix A – Release

[INSERT RELEASE LANGUAGE FROM SETTLEMENT AGREEMENT]

Appendix B

# EXCLUSION REQUEST FORM

I want to be excluded from the Corvello-Jackmon HAMP Class Action. I understand that I will not be able to get any money or benefits if any become available from this case.  However, I will not be bound by any Court orders, and I will keep any rights I have to sue about the claims in this case, as part of any other lawsuit (subject to any applicable statutes of limitations). <u>DO NOT SEND THIS FORM IF YOU WANT TO STAY IN THE CLASS AND BE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT.</u>

_____

Name

_____

Current Address                                                        City

_____

State                              Zip                              Telephone

_____

 Signed                                                        Date

If you want to be excluded, sign and mail this form, postmarked by _____, 2017 to:

Corvello-Jackmon HAMP Litigation Settlement Administrator, address, city, state, zip

# EXHIBIT 3

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated, | Case No. 3:10-CV-05072-VC |
| Plaintiff, | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| v. | |
| WELLS FARGO BANK N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY, | <u>CLASS ACTION</u> |
| | Date:          August 10, 2017 |
| | Time:          10:00 a.m. |
| Defendant. | Judge:        Honorable Vince Chhabria |
| | Courtroom:  4, 17th Floor |
| | Date Filed:       November 9, 2010 |
| AMIRA JACKMON, individually, and on behalf of others similarly situated, | Case No. 3:11-cv-03884-VC |
| Plaintiff, | |
| v. | |
| AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A., | Date Filed:       August 8, 2011 |
| Defendant. | |

WHEREAS, Plaintiffs Phillip Corvello and Amira Jackmon ("Plaintiffs") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant," which collectively with Plaintiffs are the "Parties") have entered into a Stipulation and Class Action Settlement Agreement ("Settlement") after substantial discovery and extended arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Settlement, including the accompanying exhibits, and the record in this Action;

AND, WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure, Rule 23(e), for an order preliminarily approving the Settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement;

AND, WHEREAS, the Court has reviewed Plaintiffs' application for such order, and has found good cause for the same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Settlement Agreement.

2. Pursuant to Federal Rule of Civil Procedure, Rule 23,  the Court previously certified the following Class:

> All California residential mortgage borrowers who (a) entered into a Home Affordable Modification Program Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of that TPP.

3. Excluded from the Class are any Judge or Magistrate presiding over this Action and members of their immediate families, officers and directors (and members of their immediate families) of Wells Fargo, Wells Fargo's subsidiaries, parent companies, successors, predecessors, and any entity in which Wells Fargo or its parent companies have a controlling interest, persons who properly execute and serve a timely Request for Exclusion, persons who timely opted out of the Action in connection with the class notice that was mailed on or about June 28, 2016, persons who have already released their claims against Wells Fargo that are

1    covered by this Settlement (including persons who were members of the settlement class in

2    *Wigod v. Wells Fargo Bank, N.A.*, No. 10-2348 (N.D. Ill.), and the legal representatives,

3    successors or assigns of any such excluded persons.

4        4.      Further, the Court previously appointed Phillip Corvello and Amira Jackmon as

5    the Class Representatives for the Class and the law firms of Hagens Berman Sobol Shapiro

6    LLP, Blood Hurst & O'Reardon, LLP, and the Law Office of Peter Fredman as Class Counsel

7    for the Class. *See* Court's Order Granting Plaintiffs' Motion for Class Certification (Dkt No.

8    114 in Case No. 3:10-CV-05072-VC, and Dkt. No. 171 in Case No. 3:11-cv-03884-VC).

9        5.      The Court hereby preliminarily approves the Settlement and the terms and

10   conditions of settlement set forth therein, subject to further consideration at the Fairness

11   Hearing.

12       6.      The Court has conducted a preliminary assessment of the fairness,

13   reasonableness, and adequacy of the Settlement, and hereby finds that the settlement falls

14   within the range of reasonableness meriting possible final approval. The Court therefore

15   preliminarily approves the proposed Settlement.

16       7.      Pursuant to Federal Rule of Civil Procedure, Rule 23(e) the Court will hold a

17   final approval Fairness Hearing on _____, 2017, at _____ a.m./p.m., in the Courtroom

18   of the Honorable Vince Chhabria, United States District Court for the Northern District of

19   California, 450 Golden Gate Avenue, San Francisco, California 94102, for the following

20   purposes:

21           a.      Determining whether the proposed settlement of the Action  is fair,

22   reasonable and adequate and should be approved by the Court;

23           b.      Considering any objections regarding the Settlement;

24           c.      Determining whether the Class Notice Plan and the notice methodology

25   implemented pursuant to the Settlement constituted reasonable, due, adequate, and sufficient

26   notice to all persons entitled to receive notice and met all applicable requirements of the

27   Federal Rules of Civil Procedure, Due Process, and the rules of Court.

28

d.     Considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Settlement;

e.     Considering the application for case contribution awards to the Plaintiffs as provided for under the Settlement;

f.     Considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

g.     Considering whether to enter Judgment as contemplated by the Settlement with respect to the Released Claims of all Settlement Class Members and dismiss the Released Claims of all Settlement Class Members with prejudice;

h.     Considering whether the release by the Class Members of the Released Claims as set forth in the Settlement should be provided; and

i.     Ruling upon such other matters as the Court may deem just and appropriate.

8.     The Court may adjourn the Fairness Hearing and later reconvene such hearing without further notice to the Class Members.

9.     Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

10.     The Parties may further modify the Settlement prior to the Fairness Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

11.     Opening papers in support of final approval of the Settlement and any application for attorneys' fees and expenses and/or Plaintiffs' case contribution awards must be filed with the Court and served at least forty-five (45) days prior to the Fairness Hearing. Any response to objections and reply in support of final approval shall be filed no later than seven (7) days prior to the Fairness Hearing.

**The Court Approves the Form and Method of Class Notice**

12.     The Court approves, as to form and content, the proposed forms of class notice (collectively the "Class Notice"), which are Exhibits 1 and 2 to the Settlement Agreement.

13.     The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Settlement meets the requirements of Federal Rule of Civil Procedure 23, due process, and other applicable law, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

14.     The Court approves the designation of Garden City Group, Inc. to serve as the Court-appointed Settlement Administrator for the Settlement. The Settlement Administrator shall disseminate Class Notice and supervise and carry out the Class Notice procedure, the payment of Settlement Payments, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Settlement and this Order under the direction and supervision of the Court.

15.     Within fifteen (15) days of this Order, the Settlement Administrator shall establish a Class Website, making available copies of this Order, the Class Notice, the Settlement and all exhibits thereto, the Motions for Preliminary Approval and Final Approval, Class Counsel's petition for approval of a Fee Award and Case Contribution Award, the First Amended Complaint in the Corvello Action, the Amended Complaint in the Jackmon Action, answers to frequently asked questions, the number for the toll-free hotline maintained by the Settlement Administrator for this Settlement, Settlement-related deadlines, and such other information as may be of assistance to Class Members or required under the Settlement.

16.     Within twenty (20) days of this order, the Settlement Administrator is ordered to send the Mail Notice by U.S. mail to each member of the Class after first updating the Class List through the National Change of Address Database. For Class loans associated with more than one Class Member and where such Class Members have the same last-known mailing address, the Settlement Administrator shall mail a single Mail Notice to all such Class Members.  After posting of the Mail Notice by the Settlement Administrator with the United

States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator shall utilize the National Change of Address registry in an attempt to obtain better addresses for such returned Notices, and should that registry show a more current address, the Settlement Administrator shall post the returned Mail Notice to the more current address; provided however, if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to repost the Class Notice(s) at least twenty (20) days before the scheduled Fairness Hearing, then the Settlement Administrator need make no further efforts to provide further Mail Notice to such person(s). The Settlement Administrator will promptly re-mail any Mail Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

17.     The reasonable costs of the Class Notice, administering the Settlement Payments portion of the Settlement, creating and maintaining the Class Website, and all other Settlement administration expenses shall be paid by Defendant in accordance with the applicable provisions of the Settlement.

**Procedure for Requesting Exclusion from the Settlement**

18.     Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such person must submit a completed Request for Exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the Fairness Hearing (the "Opt-Out Deadline"), as set forth in this Order and the Class Notice. The Request for Exclusion must, among other things, be personally signed by the Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Class. Requests for Exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void. No person may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Notwithstanding the above, when a Class loan is associated with more than one Class Member, a Request for Exclusion signed by one Class Member will serve to opt-out any other

Class Member who is an obligor on the same loan. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement, shall not be entitled to object to any aspect of the Settlement, and shall not be bound by the Settlement Agreement or the Final Judgment and Order Approving Settlement.

19.     Any Class Member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out Deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement (including the Release therein), if finally approved by the Court.

20.     The Settlement Administrator shall provide copies of any Requests for Exclusion to Class Counsel and Wells Fargo's Counsel as provided in the Settlement Agreement. A list reflecting all Requests for Exclusions shall be filed with the Court by Class Counsel at or before the Fairness Hearing.

**Procedure for Objecting To the Settlement**

21.     Any Class Member who desires to object either to the Settlement, the Fee Award, or the Plaintiffs' Case Contribution Awards must timely file with the Clerk of this Court a notice of the objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than thirty (30) days prior to the Fairness Hearing (the "Objection Deadline"). The Court will consider such objection(s) and papers only if such papers are received by the Clerk of Court on or before the Objection Deadline provided in the Class Notice.

22.     All objections must include: (a) a heading that refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement that the objector is a Class Member; (d) a statement whether the objector intends to appear at the Fairness Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and

(g) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, or the annotation "/s" or similar annotation will not suffice).

23.     All objections must be filed with the Clerk of the Court as set forth in paragraphs 21-22 above no later than the Objection Deadline. Objections received after the Objection Deadline will not be considered at the Fairness Hearing. A person's failure to submit a written objection by the Objection Deadline and in accordance with the procedure set forth in this Order and the Class Notice waives any right the person may have to object to the Settlement, the Fee Award, or the Plaintiffs' Case Contribution Awards, or to appeal or seek other review of the Final Judgment and Order Approving Settlement.

24.     Any Class Member who files a written objection, as described in paragraphs 21-22 above, may appear at the Fairness Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement, including attorneys' fees. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must file a notice of appearance with the Court, no later than ten (10) days before the Fairness Hearing.

25.     Any Class Member who fails to comply with the provisions of the preceding paragraphs shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, shall be foreclosed from seeking any review of the Agreement by appeal or other means, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action. Notwithstanding the foregoing, the Court may excuse a Class Member's failure to file a written objection upon a showing of good cause, which, if granted, would permit the Class Member to still appear at the Fairness Hearing and object to the Settlement.

**Other Provisions**

26.     Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement Agreement, all proceedings in the Action, other than proceedings necessary to carry out or enforce the Settlement Agreement or this Order, are stayed and suspended, until further order from this Court.

27.     Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement Agreement, no Class Representative or Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Class), shall commence, continue or prosecute any of the Released Claims against any Released Parties. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

28.     The deadlines set forth in this Order, including, but not limited to, adjourning the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be posted to the Class Website. Class Members should check the Class Website regularly for updates and further details regarding extensions of these deadlines.

29.     Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the approval and administration of the Settlement that are not materially inconsistent with either this Order or the terms of the Settlement.

30.     This Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Class.

31.     The Settlement and the proceedings and statements made pursuant to the Settlement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the

Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

**IT IS SO ORDERED.**

DATED: _____          _____
                                                        THE HON. VINCE CHHABRIA
                                                        UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT