# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP R. CORVELLO, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY,<br><br>    Defendant. | Case No. 10-cv-05072 VC |
| AMIRA JACKMON, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 3:11-cv-03884-VC |

## <u>AMENDMENT TO STIPULATION AND CLASS ACTION SETTLEMENT AGREEMENT</u>

**WHEREAS**, Plaintiffs Phillip Corvello and Amira Jackmon and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "parties") entered into a Stipulation and Class Action Settlement ("Settlement Agreement"), which was submitted (in corrected form) to the Court in connection with the parties' joint Motion for Preliminary Approval of Class Action Settlement (*Corvello* Dkt. No. 215-1); and

**WHEREAS**, on August 10, 2017, the Court conducted a hearing on preliminary approval and required certain changes to the Settlement Agreement as a condition of preliminary approval; and

**WHEREAS**, the parties agree to amend the Settlement Agreement accordingly.

**THEREFORE,** the parties stipulate and agree that the below sections of the Settlement Agreement (Dkt. No. 215-1) are hereby amended as follows:

**3.1.7** ~~Enjoin Settlement Class Members from commencing or prosecuting any Released Claims against any Released Parties pending final approval of the Settlement.~~

**3.2.6** ~~Permanently bar and enjoin the Class Representatives and all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction regarding the Released Claims.~~

[Sections 3.2.7 and 3.2.8 shall be renumbered accordingly.]

**5.1** Released Claims. Upon the Effective Date, the Releasing Parties shall, by operation of the Judgment, be deemed to have fully, finally, and forever released, relinquished, and discharged the Certified Claims in the Corvello Action and the Jackmon Action. ~~and shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum.~~ For the avoidance of doubt, this Release concerns the Certified Claims, including the allegations that the HAMP TPP or Wells Fargo's use of the HAMP TPP constituted unlawful debt collection or was deceptive, unfair, or fraudulent or that the policies, systems, standards, practices, and procedures used by Wells Fargo for reviewing, processing, providing, accepting, denying, or otherwise determining eligibility in connection with Class Members' HAMP loan modification applications or trial plans constituted unlawful debt collection or were deceptive, fraudulent, or unfair in violation of the UCL or Rosenthal Act (collectively, the "Released Claims").

**5.3** Upon issuance of the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members for the Released Claims; and (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s)~~; and (iii) Settlement Class Members shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction concerning the Released Claims.~~

**11.1** Covenants Not to Sue. Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of

the Released Claims, or otherwise to assist others in doing so, ~~and agree to be forever barred from doing so,~~ in any court of law or equity or any other forum. The foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Further, with respect to the procedural requirements for Class Members to request exclusion from or object to the proposed settlement, as set forth in Section 7 of the Settlement Agreement, the parties stipulate and agree that only substantial compliance is required.

IN WITNESS WHEREOF, the parties hereto have caused this amendment to the Settlement Agreement to be executed by their duly authorized attorneys.

Dated: August 15, 2017

For Plaintiff AMIRA JACKMON

/s/ Peter Fredman

_____

Peter B. Fredman
LAW OFFICE OF PETER FREDMAN PC

Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP

For Plaintiff PHILLIP R. CORVELLO

/s/ Timothy Blood

_____

Timothy G. Blood
Thomas J. O'Reardon II
BLOOD HURST & O'REARDON LLP

For Defendant WELLS FARGO BANK, N.A.

/s/ David Christensen

_____

David D. Christensen
K&L GATES LLP

3