**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY,<br><br>Defendant. | Case No. 3:10-CV-05072-VC<br><br>[~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>CLASS ACTION<br><br>Date: August 10, 2017<br>Time: 10 a.m.<br>Judge: Honorable Vince Chhabria<br>Courtroom: 4, 17th Floor<br><br>Date Filed: November 9, 2010 |
| AMIRA JACKMON, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:11-cv-03884-VC<br><br><br><br><br>Date Filed: August 8, 2011 |

WHEREAS, Plaintiffs Phillip Corvello and Amira Jackmon ("Plaintiffs") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant," which collectively with Plaintiffs are the "Parties") have entered into a Stipulation and Class Action Settlement Agreement ("Settlement") after substantial discovery and extended arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Settlement, including the accompanying exhibits, and the record in this Action;

AND, WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure, Rule 23(e), for an order preliminarily approving the Settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement;

AND, WHEREAS, the Court has reviewed Plaintiffs' application for such order, and has found good cause for the same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Settlement Agreement.

2. Pursuant to Federal Rule of Civil Procedure, Rule 23, the Court previously certified the following Class:
> All California residential mortgage borrowers who (a) entered into a Home Affordable Modification Program Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of that TPP.

3. Excluded from the Class are any Judge or Magistrate presiding over this Action and members of their immediate families, officers and directors (and members of their immediate families) of Wells Fargo, Wells Fargo's subsidiaries, parent companies, successors, predecessors, and any entity in which Wells Fargo or its parent companies have a controlling interest, persons who properly execute and serve a timely Request for Exclusion, persons who timely opted out of the Action in connection with the class notice that was mailed on or about June 28, 2016, persons who have already released their claims against Wells Fargo that are

covered by this Settlement (including persons who were members of the settlement class in *Wigod v. Wells Fargo Bank, N.A.*, No. 10-2348 (N.D. Ill.), and the legal representatives, successors or assigns of any such excluded persons.

4. Further, the Court previously appointed Phillip Corvello and Amira Jackmon as the Class Representatives for the Class and the law firms of Hagens Berman Sobol Shapiro LLP, Blood Hurst & O'Reardon, LLP, and the Law Office of Peter Fredman as Class Counsel for the Class. *See* Court's Order Granting Plaintiffs' Motion for Class Certification (Dkt No. 114 in Case No. 3:10-CV-05072-VC, and Dkt. No. 171 in Case No. 3:11-cv-03884-VC).

5. The Court hereby preliminarily approves the Settlement and the terms and conditions of settlement set forth therein, subject to further consideration at the Fairness Hearing.

6. The Court has conducted an assessment of the fairness, reasonableness, and adequacy of the Settlement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed Settlement.

7. Pursuant to Federal Rule of Civil Procedure, Rule 23(e) the Court will hold a final approval Fairness Hearing on <u>November 30</u>, 2017, at <u>10:00</u> a.m./~~p.m.~~, in the Courtroom of the Honorable Vince Chhabria, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, for the following purposes:

    a. Determining whether the proposed settlement of the Action is fair, reasonable and adequate and should be approved by the Court;

    b. Considering any objections regarding the Settlement;

    c. Determining whether the Class Notice Plan and the notice methodology implemented pursuant to the Settlement constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of Court.

1          d.     Considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Settlement;

          e.     Considering the application for case contribution awards to the Plaintiffs as provided for under the Settlement;

          f.     Considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

          g.     Considering whether to enter Judgment as contemplated by the Settlement with respect to the Released Claims of all Settlement Class Members and dismiss the Released Claims of all Settlement Class Members with prejudice;

          h.     Considering whether the release by the Class Members of the Released Claims as set forth in the Settlement should be provided; and

          i.     Ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Fairness Hearing and later reconvene such hearing without further notice to the Class Members.

9. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

10. The Parties may further modify the Settlement prior to the Fairness Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

11. Opening papers in support of final approval of the Settlement and any application for attorneys' fees and expenses and/or Plaintiffs' case contribution awards must be filed with the Court and served at least forty-five (45) days prior to the Fairness Hearing. Any response to objections and reply in support of final approval shall be filed no later than fourteen (14) days prior to the Fairness Hearing.

**The Court Approves the Form and Method of Class Notice**

12. The Court approves, as to form and content, the proposed forms of class notice (collectively the "Class Notice"), which are **Exhibit 1** and **Exhibit 2** to this Order.

13. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Settlement meets the requirements of Federal Rule of Civil Procedure 23, due process, and other applicable law, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

14. The Court approves the designation of Garden City Group, Inc. to serve as the Court-appointed Settlement Administrator for the Settlement. The Settlement Administrator shall disseminate Class Notice and supervise and carry out the Class Notice procedure, the payment of Settlement Payments, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Settlement and this Order under the direction and supervision of the Court.

15. Within fifteen (15) days of this Order, the Settlement Administrator shall establish a Class Website, making available copies of this Order, the Class Notice, the Settlement and all exhibits thereto, the Motions for Preliminary Approval and Final Approval, Class Counsel's petition for approval of a Fee Award and Case Contribution Award, the First Amended Complaint in the Corvello Action, the Amended Complaint in the Jackmon Action, answers to frequently asked questions, the number for the toll-free hotline maintained by the Settlement Administrator for this Settlement, Settlement-related deadlines, and such other information as may be of assistance to Class Members or required under the Settlement.

16. Within twenty (20) days of this order, the Settlement Administrator is ordered to send the Mail Notice by U.S. mail to each member of the Class after first updating the Class List through the National Change of Address Database. For Class loans associated with more than one Class Member and where such Class Members have the same last-known mailing address, the Settlement Administrator shall mail a single Mail Notice to all such Class Members. After posting of the Mail Notice by the Settlement Administrator with the United

States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator shall utilize the National Change of Address registry in an attempt to obtain better addresses for such returned Notices, and should that registry show a more current address, the Settlement Administrator shall post the returned Mail Notice to the more current address; provided however, if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to repost the Class Notice(s) at least twenty (20) days before the scheduled Fairness Hearing, then the Settlement Administrator need make no further efforts to provide further Mail Notice to such person(s). The Settlement Administrator will promptly re-mail any Mail Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

17. The reasonable costs of the Class Notice, administering the Settlement Payments portion of the Settlement, creating and maintaining the Class Website, and all other Settlement administration expenses shall be paid by Defendant in accordance with the applicable provisions of the Settlement.

**Procedure for Requesting Exclusion from the Settlement**

18. Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such person must submit a completed Request for Exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the Fairness Hearing (the "Opt-Out Deadline"), as set forth in this Order and the Class Notice. The Request for Exclusion must, among other things, be personally signed by the Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Class. Substantial compliance with the requirements to request exclusion shall be sufficient. Requests for Exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void. No person may opt-out of the Class for any other person or be opted-out by any other person, and no Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Notwithstanding the above, when a Class loan is associated with more than one Class Member, a Request for

Exclusion signed by one Class Member will serve to opt-out any other Class Member who is an obligor on the same loan. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement, shall not be entitled to object to any aspect of the Settlement, and shall not be bound by the Settlement Agreement or the Final Judgment and Order Approving Settlement.

19. Any Class Member who does not substantially comply with the procedural requirements for requesting exclusion will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement (including the Release therein), if finally approved by the Court.

20. The Settlement Administrator shall provide copies of any Requests for Exclusion to Class Counsel and Wells Fargo's Counsel as provided in the Settlement Agreement. A list reflecting all Requests for Exclusions shall be filed with the Court by Class Counsel at or before the Fairness Hearing.

**Procedure for Objecting To the Settlement**

21. Any Class Member who desires to object either to the Settlement, the Fee Award, or the Plaintiffs' Case Contribution Awards must timely file with the Clerk of this Court a notice of the objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than thirty (30) days prior to the Fairness Hearing (the "Objection Deadline"). The Court will consider such objection(s) and papers only if such papers are received by the Clerk of Court on or before the Objection Deadline provided in the Class Notice.

22. All objections must include: (a) a heading that refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement that the objector is a Class Member; (d) a statement whether the objector intends to appear at the Fairness Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and

(g) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, or the annotation "/s" or similar annotation will not suffice).

23. All objections must be filed with the Clerk of the Court as set forth in paragraphs 21-22 above no later than the Objection Deadline. Objections received after the Objection Deadline will not be considered at the Fairness Hearing. A person's failure to submit a written objection by the Objection Deadline and in substantial compliance with the procedure set forth in this Order and the Class Notice waives any right the person may have to object to the Settlement, the Fee Award, or the Plaintiffs' Case Contribution Awards, or to appeal or seek other review of the Final Judgment and Order Approving Settlement.

24. Any Class Member who files a written objection, as described in paragraphs 21-22 above, may appear at the Fairness Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement, including attorneys' fees. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must file a notice of appearance with the Court, no later than ten (10) days before the Fairness Hearing.

25. Any Class Member who fails to substantially comply with the provisions of the preceding paragraphs shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, shall be foreclosed from seeking any review of the Agreement by appeal or other means, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action. Notwithstanding the foregoing, the Court may excuse a Class Member's failure to file a written objection upon a showing of good cause, which, if granted, would permit the Class Member to still appear at the Fairness Hearing and object to the Settlement.

**Other Provisions**

26. Pending the Fairness Hearing and the Court's decision whether to finally approve the Settlement Agreement, all proceedings in the Action, other than proceedings necessary to carry out or enforce the Settlement Agreement or this Order, are stayed and suspended, until further order from this Court.

27. The deadlines set forth in this Order, including, but not limited to, adjourning the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be posted to the Class Website. Class Members should check the Class Website regularly for updates and further details regarding extensions of these deadlines.

28. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the approval and administration of the Settlement that are not materially inconsistent with either this Order or the terms of the Settlement.

29. This Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Class.

30. The Settlement and the proceedings and statements made pursuant to the Settlement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

**IT IS SO ORDERED.**

DATED: August 16, 2017

THE HON. VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE