| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP | BLOOD HURST & O'REARDON, LLP |
| STEVE W. BERMAN (Pro Hac Vice) | TIMOTHY G. BLOOD (149343) |
| THOMAS E. LOESER (202724) | THOMAS J. O'REARDON II (247952) |
| 1918 Eighth Avenue, Suite 330 | PAULA R. BROWN (254142) |
| Seattle, WA 98101 | 701 B Street, Suite 1700 |
| Tel: 206/623-7292 | San Diego, CA 92101 |
| 206/623-0594 (fax) | Tel: (619) 338-1100 |
| steve@hbsslaw.com | 619/338-1101 (fax) |
| toml@hbsslaw.com | tblood@bholaw.com |
| | toreardon@bholaw.com |
| LAW OFFICE OF PETER FREDMAN PC | pbrown@bholaw.com |
| PETER B. FREDMAN (189097) | |
| 125 University Ave., Suite 102 | |
| Berkeley, CA 94710 | |
| Tel: 510/868-2626 | |
| 510/868-2627 (fax) | |
| peter@peterfredmanlaw.com | |

*Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY,<br><br>Defendant. | Case No. 4:10-CV-05072-VC<br><br>**DECLARATION OF PETER FREDMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>CLASS ACTION<br><br>Date: November 30, 2017<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br><br>Date Filed: November 9, 2010 |
| AMIRA JACKMON, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:11-cv-03884-VC<br><br><br><br>Date Filed: August 8, 2011 |

1    I, PETER FREDMAN, declare as follows:

2    1. I am an attorney duly licensed to practice before all courts of the State of
3    California and am admitted to practice in this Court. I am the principal of the Law Office of
4    Peter Fredman, P.C., one of the Class Counsel in *Phillip Corvello v. Wells Fargo Bank, N.A.*,
5    No. 10-cv-05072-VC ("Corvello Action") and *Amira Jackmon v. America's Servicing*
6    *Company, et al.*, 11-cv-03884-VC ("Jackmon Action") (together, the "Action" or
7    "Litigation"). I have personal knowledge of the matters stated herein and, if called upon, I
8    could and would competently testify thereto. I submit this declaration in support of Plaintiffs'
9    motion for final approval of class action settlement, and for an award of attorneys' fees,
10   expenses, and named plaintiff service awards.

11   2. The declaration of co-Class Counsel, Timothy G. Blood (the "Blood
12   Declaration"), submitted in connection with the motion for preliminary approval in this Action
13   accurately described the lengthy history of this hard fought Litigation. For the sake of brevity,
14   I incorporate that declaration by reference. (*Corvello* ECF No. 214-1).

15   3. Over the course of this Litigation my firm has received many inquiries from
16   Class Members, including in response to news articles about the Litigation, notice of pendency
17   approved by the Court following class certification, and most recently in response to the Class
18   Notice disseminated by the independent Settlement Administrator. I have spent considerable
19   time responding to these Class Member inquires, and will continue to do so.

20   4. My office prosecuted this Litigation on a contingent-fee basis with no guarantee
21   of recovery. My office, along with co-Class Counsel, incurred 100% of the risk in pursuing
22   this Litigation. My office was forced to forego other employment in order to devote the time
23   necessary to pursue this Litigation. I advanced expenses with the understanding that I would
24   be paid my fees and receive reimbursement for expenses only if successful.

25   5. The work performed by myself and co-counsel is accurately described in the
26   Blood Declaration submitted in connection with preliminary approval filed June 30, 2017.
27   (*Corvello* ECF No. 214-1). My work on this case in the Jackmon Action began in September
28   2011 and I have personally spent over 1800 hours on the Litigation to date. My services

1  rendered and work performed included all aspects of the Jackmon Litigation starting about
2  September 21, 2011 and virtually all aspects of the combined Litigation from the time the
3  cases were formally related in January 2015. This included initial research and investigation
4  into the factual and legal claims; drafting an amended complaint; extensive Rule 12 law and
5  motion; participating in substantial fact and expert discovery, including a number of discovery
6  disputes, before and after the Jackmon Action and Corvello Action were related and before
7  and after class certification; analyzing thousands of pages of Wells Fargo documents, Home
8  Affordable Modification Program ("HAMP) documents, Class Member and potential Class
9  Member mortgage documents, and the like; extensive legal research and analysis; briefing a
10 successful motion for class certification as well as briefing the extensive law and motion
11 related to class certification and notice that followed the initial certification order; working
12 with Plaintiffs' experts; preparing for trial; negotiating the settlement; preparing settlement
13 documentation; vetting the Settlement Administrator and assisting with claims administration
14 and Class Member inquiries; and the like. To put it another way, my electronic folder for this
15 case consists of 827 subfolders and 32,900 files and does not include the substantial ESI
16 production, which was managed through a cloud based application. I believe the time
17 expended by my firm in this Litigation was reasonable and necessary in light of the amount of
18 work required and accomplished.

19     6.    The following information regarding my time and out-of-pocket expenses
20 incurred in this Litigation is based on time and expense records that I prepared and maintained
21 in the ordinary course of business.

22     7.    I am an attorney with 20 years of California litigation experience. I have
23 substantial experience representing consumers and borrowers in class actions and unfair
24 business practices and debt collection litigation, among other things. A 1995 graduate of
25 U.C.L.A. Law School, I have been a California litigator since 1997, with a concentration on
26 plaintiffs' contingency litigation since about 2002 and on complex litigation and class actions
27 since about 2004. I am a member in good standing of the California bar, as well as the United
28 States District Courts for the Northern and Central Districts of California and the Ninth Circuit

1    Court of Appeals. I have had my own firm since 2008. I practice primarily consumer

2    contingency litigation, with expertise in class action and consumer matters, including

3    mortgage matters, among other things. I have litigated numerous complex class action cases to

4    successful conclusions. I have been certified as class counsel in several highly contested class

5    certification motions in both state and federal courts. My firm resume, summarizing my class

6    action experience, among other things, is attached hereto as Exhibit A.

7       8.   My lodestar is based on my current hourly rate of $575. *See Parkinson v.*

8    *Hyundai Motor America*, 796 F. Supp. 2d 1160, 1174 (C.D. Cal. 2010) (use of current rates is

9    appropriate to compensate for the delay in being compensated). I base this hourly rate on my

10   knowledge and understanding of the market rates for such services, the rates of co-class

11   counsel of comparable experience that I have worked with, and general market rate surveys

12   and data, including, for example, including the National Law Journal Billing Rate Survey

13   attached to the Blood Declaration. Based on my knowledge of the class action plaintiff's bar in

14   California, my hourly rate is in line with the rates charged by other firms for attorneys with

15   comparable experience that handle class actions of similar size and complexity.

16      9.   The number of hours spent on this Litigation by my firm as of October 1, 2017,

17   was 1,803.7 hours and the total lodestar is $1,037,127.50. For purposes of the Stipulation and

18   Class Action Settlement Agreement, and Plaintiffs' request for attorneys' fees and

19   reimbursement of costs, my firm relies on the time period devoted only on litigation of the

20   Class Claims (the "Class Claims Period"), which we defined as June 1, 2015 through June 30,

21   2016, and June 30, 2017 through the present. The first portion of the Class Claims Period

22   (from approximately June 2015-July 2016) encompasses a period of substantial class-only

23   litigation: class certification briefing, including supplemental briefing requested by the Court,

24   answering Wells Fargo's petition for interlocutory review, briefing in response to Wells

25   Fargo's motion for clarification of the certification order, oral argument before this Court, and

26   contested motions for approval of notice of pendency and for leave to file a first amended

27   complaint to conform to the class certification order. (*Corvello* ECF Nos. 75-81, 96-98, 104,

28   111, 115, 123, 125, 127, 129, 132, 134, 143, 153, 158, 160.) The second portion of the Class

1  Claims Period encompasses the period from when the motion for preliminary approval was
2  filed (June 30, 2017 through the present), and includes briefing and oral argument on
3  preliminary approval, class member communications and settlement administration, and final
4  approval matters. (*Corvello* ECF Nos. 214-215, 217, 219). As of October 1, 2017, the number
5  of attorney hours incurred during the Class Claims Period was 562.6 hours resulting in a
6  lodestar of $323,495.

7  10. These hours and lodestar will increase somewhat because, as Class Counsel, my
8  firm, along with co-lead Class Counsel, is responsible for any further briefing in this case,
9  attending the final approval hearing, and the post-hearing work, including claims
10 administration. On an ongoing basis, my firm has been and will continue to be in regular
11 contact with Class Members who contact us regarding the settlement and its claims process, as
12 well as the Settlement Administrator regarding the claims and opt out processes, will continue
13 to oversee the claim process and will continue to regularly review and act on the reports
14 provided by the Settlement Administrator, as well as address issues which will arise.

15 11. My firm's lodestar figures do not include charges for expense items.

16 12. My firm has incurred a total of $11,294.54 in unreimbursed expenses in
17 connection with the prosecution of this Litigation from inception through August 2017. Of that
18 expense total, an estimated $823.30 related to the Class Claims Period.

19 13. The out-of-pocket litigation expenses incurred by my firm were reasonable in
20 amount and necessary for the effective and efficient prosecution of the Litigation, and of a type
21 that would normally be charged to a fee-paying client in the private legal marketplace.

22 14. My firm's out-of-pocket litigation expenses related to the Class Claims Period
23 consisted primarily of $685 for airfare, hotel, transfers, and related travel expenses to Des
24 Moines, Iowa to take Wells Fargo witness depositions; with the balance of $138.30 incurred
25 for local travel expenses (mileage, parking, tolls) related to the hearings on the motions related
26 to class certification and the settlement conference.

27 15. The balance the out-of-pocket litigation expenses my firm incurred (outside the
28 Class Claims Period) consisted primarily out-of-state and local travel, deposition transcripts,

1   expert fees, court filing and delivery fees, and PACER fees. I do not charge for copies,
2   postage, or research subscriptions.

3         16.    As previously disclosed in connection with the motion for preliminary
4   approval, Plaintiffs Corvello and Jackmon have each entered into separate settlements with
5   Wells Fargo relating to their individual, non-class claims, including their individual breach of
6   contract claims, which they continued to pursue after the Court denied Class certification of
7   the class contract claim. A description of the factual basis for Ms. Jackmon's contract claim is
8   contained in her declaration in opposition to summary judgment, which is incorporated by
9   reference. (*Corvello* ECF No. 181). In sum, Ms. Jackmon made six TPP payments before she
10  was denied a permanent HAMP modification. Although she nominally lost title to her home by
11  foreclosure, she did not lose possession, and continues to live there to this day. Her breach of
12  contract claim sought, alternatively, specific performance of Wells Fargo's obligation to
13  modify her loan. Her individual settlement provides essentially for such specific performance
14  relief, including restoration of title to her property with a modified mortgage thereon.
15  Ms. Jackmon also had a substantial claim for violation of the Rosenthal Fair Debt Collections
16  Practices Act, which provides for attorney fees and general damages. Through the individual
17  settlements with each Plaintiff, Class Counsel will receive amounts for their time and expenses
18  approximated as not devoted solely to the Certified Claims. The Class Settlement is not
19  contingent on these individual settlements. Rather, the individual settlements will only go into
20  effect if and when the Class Settlement is approved by this Court. Copies of those agreements
21  are attached as Exhibits C and D to the Blood Declaration filed in support of preliminary
22  approval. (*Corvello* ECF No. 214-1).

23        I declare under penalty of perjury under the laws of the United States of America that
24  the foregoing is true and correct. Executed on October 16, 2017, at Berkeley, California.

25

26                                              By:      *s/ Peter Fredman*
27                                                        PETER FREDMAN

28

5     Case No. 3:10-cv-05072-VC
Case No. 3:11-cv-03884-VC
00127531     FREDMAN DECL. ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2017.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Tel:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

# EXHIBIT A

**LAW OFFICE OF PETER FREDMAN PC**

Peter Fredman, Esq.

University of California, Los Angeles, Bachelor of Arts       1991

University of California, Los Angeles, Juris Doctor              1995

Admissions: California State Bar (1997); U.S.D.C. Northern District of California (2007); U.S.D.C. Central District of California (2007); Ninth Circuit Court of Appeals (2013); various *pro hac vice*

Class action experience includes:

- Kormondy v. Forward Sunset, Inc., Los Angeles County Superior Court Case No. BC610493
- Chavez v. FCA US LLC, Northern District of California Case No. 16-06909-EMC
- Terry v. JPMorgan Chase Bank, N.A., U.S.D.C. Southern District of California Case No. 15-01666-DMS
- Pacheco v. JPMorgan Chase Bank, N.A., U.S.D.C. Northern District of California Case No. 15-05689-JD
- Shrem v. Southwest Airline Co., U.S.D.C. Northern District of California Case No. 15-04567-HSG
- Fiol v. Volkswagen of America, U.S.D.C. Northern District of California Case No. 15-04278-PJH; Benipayo et al v. Volkswagen of America, Northern District of California Case No. 15-04314-DMR (and related cases)
- Clements v. JPMorgan Chase Bank, N.A., U.S.D.C. Northern District of California Case No. 12-02179-JCS (and related cases)
- Esquivel v. Bank of America, U.S.D.C. Eastern District of California Case No. 12-02502-GEB
- Gaudin v. Saxon Mortgage Services, Inc., U.S.D.C. Northern District of California Case No. 11-01663-JST
- Jackmon/Corvello v. Wells Fargo, U.S.D.C. Northern District of California Case No. 11-03884-VC; 10-05072-VC
- Reyes v. Wells Fargo, U.S.D.C. Northern District of California Case No. 10-01667-JCS
- Bates v. KB Home, Alameda County Superior Court Case No. RG 08-384954
- Keck v. Bank of America, U.S.D.C. Northern District of California Case No. 08-01219-CRB
- Bibo v. Federal Express, U.S.D.C. Northern District of California Case No. 07-2505-TEH
- Gellis/Ruwe v. Verizon Wireless, U.S.D.C. Northern District of California Case No. 07-03679-JSW

- Franklin v. The Villas Parkmerced, San Francisco County Superior Court Case No. CGC06456720

Published opinions include:
- Heritage Pacific Financial, LLC v. Monroy, 215 Cal. App. 4th 972 (2013)
- Gaudin v. Saxon Mortg. Servs., 297 F.R.D. 417 (N.D. Cal. 2013)
- Gaudin v. Saxon Mortg. Servs., 820 F. Supp. 2d 1051 (N.D. Cal. 2011)
- Bolden v. KB Home/Countrywide, 618 F. Supp. 2d 1196 (C.D. Cal. 2008)
- Bernstein v. Travelers Ins. Co., 447 F. Supp. 2d 1100 (N.D. Cal. 2006)