| | | |
|---|---|---|
| 1 | HAGENS BERMAN SOBOL SHAPIRO LLP | BLOOD HURST & O'REARDON, LLP |
| | STEVE W. BERMAN (Pro Hac Vice) | TIMOTHY G. BLOOD (149343) |
| 2 | THOMAS E. LOESER (202724) | THOMAS J. O'REARDON II (247952) |
| | 1918 Eighth Avenue, Suite 330 | PAULA R. BROWN (254142) |
| 3 | Seattle, WA 98101 | 701 B Street, Suite 1700 |
| | Tel: 206/623-7292 | San Diego, CA 92101 |
| 4 | 206/623-0594 (fax) | Tel: (619) 338-1100 |
| | steve@hbsslaw.com | 619/338-1101 (fax) |
| 5 | toml@hbsslaw.com | tblood@bholaw.com |
| | | toreardon@bholaw.com |
| 6 | LAW OFFICE OF PETER FREDMAN PC | pbrown@bholaw.com |
| | PETER B. FREDMAN (189097) | |
| 7 | 125 University Ave., Suite 102 | |
| | Berkeley, CA 94710 | |
| 8 | Tel: 510/868-2626 | |
| | 510/868-2627 (fax) | |
| 9 | peter@peterfredmanlaw.com | |

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY,<br><br>    Defendant. | Case No. 4:10-CV-05072-VC<br><br>**DECLARATION OF PHILLIP R. CORVELLO IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br>CLASS ACTION<br><br>Date:     November 30, 2017<br>Time:    10:00 a.m.<br>Judge:   Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br><br>Date Filed:   November 9, 2010 |
| AMIRA JACKMON, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 3:11-cv-03884-VC<br><br><br><br><br>Date Filed:   August 8, 2011 |

1    I, PHILLIP R. CORVELLO, declare as follows:

2    1.    I am a plaintiff and Class Representative in the above-entitled class action
3    lawsuit. I make this declaration in support of Plaintiffs' motion for final approval of class
4    action settlement, which includes a request that I be awarded a $5,000 service award. I have
5    personal knowledge of the matters set forth in this declaration and if called upon, could
6    competently testify to them.

7    2.    I have remained very informed and have been actively involved in this
8    litigation from before it was filed through the present. Before the complaint was originally
9    filed in November 2010, I assisted in the pre-filing investigation of the claims by providing
10   substantial documents and information regarding my mortgage, mortgage payment history,
11   and mortgage modification attempts. I have provided detailed accounts to my lawyers of the
12   long ordeal I endured as a result of Wells Fargo's conduct that resulted in this lawsuit. I have
13   remained in contact with my attorneys, particularly the attorneys from Blood Hurst &
14   O'Reardon, LLP, throughout the litigation. Since November 2010, I met in-person with my
15   attorneys, had dozens of telephone conversations, and exchanged over 220 emails. In addition
16   to initiating communications about the lawsuit, I have promptly responded to the many
17   inquiries that have been made for further information. Periodically throughout the litigation,
18   but on average once a month, I have called and written my attorneys (particularly Mr.
19   O'Reardon) to keep up to date on the status of the case and proceedings. I have also reviewed
20   many of the pleadings before they were filed, including the complaint, class certification brief,
21   and settlement agreement, and provided comments and asked follow up questions about these
22   documents. I reviewed Wells Fargo's discovery requests, had several calls with my attorneys
23   about responsive documents and information, and made extensive searches for all responsive
24   information. I also reviewed and approved the final discovery responses, and provided my
25   attorneys with many pages of sensitive financial and other confidential documents that were
26   then produced to Wells Fargo. I searched for and provided extensive personal financial
27   information in response to requests from my attorneys and Wells Fargo's counsel. For
28   example, I retrieved and reviewed financial information between 2008 and 2016, including

1  bank account statements, state and federal tax returns, credit reports, and paystubs. In response
2  to request from my counsel, on several occasions during the litigation, I retrieved updated
3  financial information from banks and my employer. All of these activities were time-
4  consuming and emotionally difficult, as they forced me to relive an experience that has caused
5  a great amount of stress, and which ended with a foreclosure of my home.

6        3.     From the very beginning, I was aware of my obligations as a class
7  representative, including the need to respond to discovery requests that might include personal
8  financial information, to participate in depositions and other matters throughout the case, and
9  to testify at trial. In signing the retainer agreement with my attorneys, I understood and agreed
10  that I was not promised any compensation other than my share of what was recovered on
11  behalf of the proposed class. Nonetheless, I agreed to become a class representative because of
12  what happened to me and because I wanted to stand up for others like me. I have worked hard
13  to fulfill my obligations.

14        4.     When I was told that Wells Fargo wanted to take my deposition, I notified my
15  employer to take time off and arranged for a time for my deposition and to spend time meeting
16  with my attorneys to prepare. On May 19, 2015, I met with Mr. O'Reardon and another one of
17  my attorneys, Peter Fredman, at Mr. Fredman's office to prepare for my deposition. We met
18  for about three hours. In preparation for our in-person meeting, I also participated in several
19  telephone conferences with my attorneys, and made further searches for responsive documents
20  and information. On May 20, 2015, I spent approximately seven hours traveling to, preparing
21  for and being deposed. In order to attend the deposition, I had to take a day off work, which
22  required the use of vacation hours. The deposition itself lasted from 9:30 until almost 2:00. I
23  also paid for parking in downtown San Francisco, which has not been reimbursed. After my
24  deposition, I reviewed the lengthy deposition transcript for accuracy, followed up my with
25  attorneys about questions I had about specific portions of the transcript, and sent them
26  corrections to the transcript.

27        5.     In recent months, as the trial date was approaching, I contacted my employer to
28  let them know that I would need to take time off work to testify at trial. I was fully committed

1  to testifying at trial in support of my individual contract claims and the claims certified by the
2  Court for all Class Members.

3      6.     Over the years, in connection with this lawsuit I have driven several hundred
4  miles in order to deliver documents, fax documents, and attend appointments. For example, to
5  attend my deposition and the meeting with my attorneys the day beforehand, I drove 200 miles
6  on those two days alone. I have not been reimbursed for gas or mileage. I have also taken off
7  several days of work, which required use of vacation hours. There are also times that I stayed
8  late at work to make up time for instances where case-related correspondence or work was
9  required during my normal work time.

10     7.     I would estimate that I have personally spent in excess of 80 hours in
11 connection with the class action claims in this lawsuit since November 2010.

12 I declare under penalty of perjury under the laws of the United States of America that
13 the foregoing is true and correct. Executed on October 16, 2017, at Fairfield, California.

                                    By:     *s/ Phillip R. Corvello*
                                             PHILLIP R. CORVELLO

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2017.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com