| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP | BLOOD HURST & O'REARDON, LLP |
| STEVE W. BERMAN (Pro Hac Vice) | TIMOTHY G. BLOOD (149343) |
| THOMAS E. LOESER (202724) | THOMAS J. O'REARDON II (247952) |
| 1918 Eighth Avenue, Suite 330 | PAULA R. BROWN (254142) |
| Seattle, WA 98101 | 701 B Street, Suite 1700 |
| Tel: 206/623-7292 | San Diego, CA 92101 |
| 206/623-0594 (fax) | Tel: (619) 338-1100 |
| steve@hbsslaw.com | 619/338-1101 (fax) |
| toml@hbsslaw.com | tblood@bholaw.com |
| | toreardon@bholaw.com |
| LAW OFFICE OF PETER FREDMAN PC | pbrown@bholaw.com |
| PETER B. FREDMAN (189097) | |
| 125 University Ave., Suite 102 | |
| Berkeley, CA 94710 | |
| Tel: 510/868-2626 | |
| 510/868-2627 (fax) | |
| peter@peterfredmanlaw.com | |

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY, <br><br> Defendant. | Case No. 4:10-CV-05072-VC <br><br> **DECLARATION OF AMIRA JACKMON SUPPORT OF APPLICATION FOR SERVICE AWARD** <br><br> CLASS ACTION <br><br> Date: November 30, 2017 <br> Time: 10:00 a.m. <br> Judge: Hon. Vince Chhabria <br> Courtroom: 4, 17th Floor <br><br> Date Filed: November 9, 2010 |
| AMIRA JACKMON, individually, and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 3:11-cv-03884-VC <br><br><br> Date Filed: August 8, 2011 |

I, AMIRA JACKMON, declare as follows:

1. I am a plaintiff and Class Representative in the above-entitled class action lawsuit. I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $5,000 service award. I have personal knowledge of the matters set forth in this declaration and if called upon, could competently testify to them.

2. I have remained informed and actively involved in this litigation from before it was filed through the present. Indeed, I initially commenced *Amira Jackmon v. America's Servicing Company, et al.*, 11-cv-03884-VC (the "Jackmon Action") by filing a complaint *in pro se* in August 2011. For approximately one month, I personally litigated the matter, obtaining a temporary restraining order and an order granting a preliminary injunction. Because the bond and litigation time requirements were prohibitive, however, I sought the representation of experienced class counsel who had better means to litigate the case. From that point forward, I understood and agreed that my obligations as a class representative would supersede my individual interests in this case.

3. Starting before the First Amended (Class Action) Complaint was filed in September 2011, I assisted in the pre-filing investigation of the claims by providing substantial documents and information regarding my mortgage, mortgage payment history, and mortgage modification attempts. I have provided detailed accounts to my lawyers of the long ordeal that I and my children endured as a result of Wells Fargo's conduct that resulted in this lawsuit. I have remained in close contact with my attorneys, particularly Peter Fredman at the Law Office of Peter Fredman, throughout the litigation. Since September 2011, I met in-person with my attorneys on several occasions, and had dozens of telephone conversations and exchanged hundreds of emails with them. In addition to initiating communications about the lawsuit, I have promptly responded to the many inquiries for further information or documents and communicated regularly with my attorneys to keep up to date on the status of the case and proceedings. I reviewed many of the pleadings before or after they were filed, and provided comments and asked follow up questions about them. In response to Wells Fargo's discovery

requests, I had numerous calls and emails with my attorneys about responsive documents and information, and made extensive searches for responsive information. I reviewed and approved my final discovery responses, and provided my attorneys with many pages of confidential and financially sensitive documents that were then produced to Wells Fargo in discovery. I also searched for and provided extensive personal financial information in response to requests from my attorneys and Wells Fargo's counsel. These activities were time-consuming.

4. From the very beginning, I was aware of my obligations as a class representative, including the need to respond to discovery requests that might include personal financial information, to participate in depositions and other matters throughout the case, and to testify at trial. In signing the retainer agreement with my attorneys, I understood and agreed that I was not promised any compensation other than my share of what was recovered on behalf of the proposed class. Nonetheless, I agreed to become a class representative because of what happened to me and because I wanted to stand up for others like me. I have worked hard to fulfill my obligations.

5. Wells Fargo took my deposition in San Francisco on August 14, 2014. The deposition lasted more than five hours, and the day also included a couple hours of travel. I also met with my attorneys for several hours before to prepare. In preparation for our in-person meeting, I also participated in several telephone conferences with my attorneys, and made further searches for responsive documents and information.

6. In recent months, as the trial date was approaching, I was fully committed to testifying at trial in support of my individual contract claims and the claims certified by the Court for all Class Members.

7. I have also reviewed and approved the terms of the class action settlement.

8. Excluding my time spent litigating this matter *in pro se*, I would estimate that I have personally spent at least 50 hours in connection with the class action claims in this lawsuit.

///

1  I declare under penalty of perjury under the laws of the United States of America that
2  the foregoing is true and correct. Executed on October 16, 2017 in Berkeley, California.
3
4  By: _____
5  AMIRA JACKMON

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2017.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com