1

2

3

4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

5

| | |
|---|---|
| 6  PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated, | Case No. 3:10-cv-05072-VC |
| 7 | |
| 8          Plaintiff, | **DECLARATION OF LOREE B. KOVACH** |
| | **REGARDING IMPLEMENTATION OF** |
| 9       v. | **NOTICE PROGRAM** |
| 10  WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING | |
| 11  COMPANY, | CLASS ACTION |
| 12          Defendant. | |
| 13 | |

| | |
|---|---|
| 14  AMIRA JACKMON, individually, and on behalf of others similarly situated, | Case No. 3:11-cv-03884-VC |
| 15 | |
| 16          Plaintiff, | |
| 17       v. | |
| 18  AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A., | |
| 19          Defendant. | |
| 20 | |

21

22

23

24

25

26

27

28

I, LOREE B. KOVACH, hereby declare and state as follows:

## INTRODUCTION

1.      I am an Assistant Vice President of Operations for the Garden City Group, LLC ("GCG"). The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2.      GCG has a considerable amount of expertise in class action administration and the development of notice programs. In its history of over 30 years, our team has served as administrator for over 3,400 settlements. GCG has mailed hundreds of millions of notices, disseminated over 375 million emails, handled over 35 million phone calls, designed and launched over 1000 settlement websites, issued approximately 39 million payments, and distributed over $72 billion in benefits.

3.      Pursuant to Section 2.30 of the Stipulation and Class Action Settlement Agreement (the "Agreement"),[1] which the Court preliminarily approved on August 16, 2017 in its Order Preliminarily Approving Class Action Settlement (the "Order"), GCG was appointed as the Settlement Administrator.

4.      I submit this Declaration in order to advise the Parties and the Court as to GCG's compliance with the Class Notice Plan as set forth in the Agreement and the Order.

## SETTLEMENT ADMINISTRATION

5.      Pursuant to Section 2.5 of the Agreement, the Class Notice Plan targeted the Settlement Class, which is defined as, "All California residential mortgage borrowers who (a)

---

[1]      All capitalized terms not otherwise defined in this document shall have the meaning ascribed to them in the Agreement.

DECLARATION OF LOREE B. KOVACH
CASE NO. 3:10-cv-05072-VC
CASE NO. 3:11-cv-03884-VC

entered into a Home Affordable Modification Program Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of that TPP."

6.      Pursuant to Section 6 of the Agreement, the Class Notice Plan included the following components:

- Individual direct mailing of the Class Notice to Settlement Class Members on the Class List; and

- Internet Notice through a dedicated Settlement Website where the Order, Long Form Notice, Agreement, Motions for Preliminary Approval, and related Court documents are posted.

## MAILING OF SETTLEMENT NOTICE

7.      Pursuant to Section 2.6 of the Agreement, GCG sent the Mail Notice via U.S. mail to the names and addresses on the Class List that Defendant previously provided in connection with the Class Notice mailing that took place in June of 2016.

8.      Prior to dissemination of the Mail Notice, GCG ran all mailing addresses through the National Change of Address database ("NCOA") and obtained updated addresses for 40 Class Member records.[2]

9.      Pursuant to Section 6.2.1 of the Agreement, on September 5, 2017, GCG caused a copy of the Mail Notice, attached hereto as **Exhibit A**, to be mailed to 12,254 obligors for

---

[2] The NCOA database is an official United States Postal Service technology product, which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream. This product is an effective tool to update address changes when a person has completed a change of address form with the Post Office. The U.S. Postal Service maintains address information on the database for 48 months.

DECLARATION OF LOREE B. KOVACH
CASE NO. 3:10-cv-05072-VC
CASE NO. 3:11-cv-03884-VC

3

11,460 Class loans. Where there was more than one obligor on a Class loan, and each obligor had a different mailing address, GCG mailed the Mail Notice to each address. Where a Class loan contained the same address for multiple obligors, one Mail Notice was mailed. Excluded from the mailing were: (1) all Class loans where an obligor opted out as a result of the 2016 Class Notice; and (2) those Class loans that were part of the *Wigod v. Wells Fargo Bank, N.A.* No. 10-2348 (N.D.Ill.) Settlement.

10.     As of October 15, 2017, a total of 147 Mail Notices were returned to GCG with forwarding address information. Mail Notices returned by the U.S. Postal Service with forwarding address information were promptly re-mailed to the updated addresses provided.

11.     As of October 15, 2017, a total of 758 Mail Notices have been returned to GCG by the U.S. Postal Service without forwarding address information. GCG performed advanced address searches consistent with industry standards to obtain address updates for any Mail Notices returned undeliverable without forwarding information. GCG was able to update address information and re-send Mail Notices to 411 Class Members. Mail Notices for just 331 of 11,460 Class loans were ultimately returned as undeliverable.

12.     Accordingly, as of October 15, 2017, over 97% of the Mail Notices sent were not returned to GCG as undeliverable.

## SETTLEMENT WEBSITE

13.     Pursuant to Section 6.2.2 of the Agreement, GCG established and is maintaining a website dedicated to this Settlement (www.Corvello-JackmonHAMPClassAction.com). The address for the Settlement Website was prominently stated in the Mail Notice sent directly to Settlement Class Members. The Settlement Website provides the Settlement Class with information about the Settlement such as an overview of the case, important dates and deadlines,

DECLARATION OF LOREE B. KOVACH
CASE NO. 3:10-cv-05072-VC
CASE NO. 3:11-cv-03884-VC

4

answers to frequently asked questions, contact information for GCG, a copy of the Long Form Class Notice, and the Exclusion Request Form. Attached hereto as **Exhibit B** is a sample of the Exclusion Request Form. In addition, GCC posted the following court documents to the Settlement Website: Order Preliminarily Approving Class Action Settlement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Declaration of Timothy G. Blood in Support of Motion for Preliminary Approval of Class Action Settlement (including all exhibits thereto), Stipulation and Class Action Settlement, the January 29, 2016 Order Granting in part, and Denying in Part, the April 18, 2016 Supplemental Order Re Class Certification, Appendix A to Order Granting in part, and Denying in Part, Joint Motion for Class Certification, Corvello First Amended Complaint, Jackmon First Amended Complaint, and an exemplar of the Trial Period Plan (TPP) modification document at issue in the Litigation.

14. On August 31, 2017, GCG made the Settlement Website available to the public and it is accessible 24 hours a day, seven days a week. As of October 15, 2017, the Settlement Website has received 214 unique visitors. GCG has and will continue to maintain and update the Settlement Website throughout the administration of the Settlement.

**TOLL-FREE TELEPHONE NUMBER**

15. On September 8, 2017, GCG also established a dedicated toll-free telephone number (1-844-402-8567) which provides the Settlement Class with direct access to information regarding the lawsuit and Settlement. The toll-free telephone number was also stated in the Mail Notice sent directly to Settlement Class Members. An Interactive Voice Response ("IVR") system provides callers with basic information on the case. As of October 15, 2017, GCG has received a total of 128 calls that lasted a total of 394 minutes.

DECLARATION OF LOREE B. KOVACH
CASE NO. 3:10-cv-05072-VC
CASE NO. 3:11-cv-03884-VC

5

## EXCLUSION REQUESTS

16.     Pursuant to Section 7.1 of the Agreement, Settlement Class Members may request to be excluded from the Settlement Class by submitting a written request, postmarked on or before October 31, 2017. As of October 15, 2017, GCG has received four (4) timely exclusion requests. As the postmark deadline is not until October 31, 2017, GCG may receive additional timely exclusion requests.

## OBJECTIONS

17.     Pursuant to Section 7.7 of the Agreement, any Settlement Class Member may object to the Agreement and the proposed Settlement by filing a written objection with the Court on or before October 31, 2017. As of October 15, 2017, GCG has received no objections. As the postmark deadline is not until October 31, 2017, GCG may still receive timely objections.

Executed this 16th day of October, 2017 in Seattle, Washington.

Loree B. Kovach

DECLARATION OF LOREE B. KOVACH
CASE NO. 3:10-cv-05072-VC
CASE NO. 3:11-cv-03884-VC

6

# EXHIBIT A

# LEGAL NOTICE

*A federal court authorized this Notice. This is not a solicitation from a lawyer. You are not being sued.*

**If you are a California residential mortgage borrower who (a) entered into a Home Affordable Modification Program (HAMP) Trial Period Plan with Wells Fargo Bank, N.A. a/k/a America's Servicing Company effective on or before March 1, 2010, and (b) made all of the scheduled trial payments, but (c) did not obtain a permanent HAMP modification as a result of that Trial Period Plan, <u>you could get a payment from a class action settlement.</u>**

| *Visit www.Corvello-JackmonHAMPClassAction.com for more information* |
|---|

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

A Settlement has been proposed in related class action lawsuits against Wells Fargo Bank, N.A. ("Wells Fargo"). The lawsuits, called *Phillip Corvello v. Wells Fargo Bank, N.A.*, No. 10-5072-VC and *Amira Jackmon v. America's Serving Co.*, No. 11-3884-VC, are pending in the United States District Court for the Northern District of California (the "Court"). Your legal rights are affected whether you act or don't act. <u>Please read this notice carefully.</u> Please also visit *www.Corvello-JackmonHAMPClassAction.com* to learn more about the Settlement and access important case documents.

### What Are These Lawsuits About?

The lawsuits claim that Wells Fargo's use of the Home Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") constituted an unlawful, unfair, fraudulent and deceptive debt collection practice and that Wells Fargo improperly collected HAMP TPP payments from the Class Members who received a TPP up until March 1, 2010. In 2016, the Court decided that plaintiffs' claims under California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and California's Unfair Competition Law ("UCL") (collectively, the "Certified Claims") could proceed as a class action.

The Court has appointed plaintiffs Phillip Corvello and Amira Jackmon as "Class Representatives" to represent the Class as to the Certified Claims.

The lawsuits also claimed that the HAMP TPP was a contract that Wells Fargo breached, but those "contract claims" were not certified for class action treatment, which means that persons who believe they have contract claims or other non-Certified Claims against Wells Fargo based on the TPP have to pursue those claims on their own and at their own expense.

Wells Fargo denies that it violated any law and maintains that it did nothing wrong. The Court has not determined who is right. Instead, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of further litigation.

### How Do I Know If I Am Included In The Settlement?

The Settlement includes a group of people called "Class Members." You are a Class Member if you are or were a California residential mortgage borrower who (a) entered into a Home Affordable Modification Program ("HAMP") Trial Period Plan ("TPP") with Wells Fargo Bank, N.A. a/k/a America's Servicing Company ("Wells Fargo") effective on or before March 1, 2010, and (b) made the scheduled trial payments, but (c) did not obtain a permanent HAMP loan modification as a result of the that TPP (the "Class"). If you received this notice in the mail, it is because Wells Fargo's records indicate that you may fit this definition and you did not exclude yourself from the Class in 2016. You are not a Class Member merely because you received this notice. There are other exceptions to being in the Class that are explained in greater detail at *www.Corvello-JackmonHAMPClass Action.com*.

### What Can I Get From The Settlement?

The proposed Settlement will provide each Class Member an equal share (on a per loan basis) of $750,000 in settlement of the Certified Claims. As described in greater detail at *www.Corvello-JackmonHAMPClassAction.com*, the per-loan payment would be approximately $65.45. Unused funds will be distributed to Class Members or to a Court-approved, non-profit organization, and will not be returned to Wells Fargo.

Any amounts awarded by the Court for Class Counsel's attorneys' fees and expenses or for a service award for each Class Representative will <u>not</u> be paid out of the $750,000 designated for Settlement Payments. Under the Settlement, these amounts will be paid separately by Wells Fargo, and on top of the $750,000. Wells Fargo is also paying the costs of providing notice and administering the Settlement. Those costs are also on top of the $750,000.

### How Can I Receive A Cash Payment From The Settlement?

Class Members will be automatically mailed a Settlement Payment if the Settlement becomes Final, as defined in Section 2.16 of the Settlement Agreement (available at *www.Corvello-JackmonHAMPClassAction.com*). Even if the Court approves the Settlement, there may be appeals. The appeal process can take time, perhaps more than a year. You will not receive your award until any appeals are resolved. Please be patient.

### What Are My Options?

You may choose to stay in the lawsuit, request to exclude yourself from the lawsuit, object, and/or appear in Court.

<u>Do Nothing/Stay in Class</u>.  If you do nothing, you are choosing to stay in the Class. If the Settlement is approved and becomes Final, you will receive a Settlement Payment as described above.  You will also be bound by all orders and judgments of the Court, which means you will "release" Wells Fargo and can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo (or certain other "Released Parties") about the "Certified Claims." Your release of the Certified Claims includes any claims that you could have brought under the UCL or the Rosenthal Act regarding a HAMP TPP received on or before March 1, 2010, even if those claims are based on facts that you do not know or suspect to exist at this time, and which, if known, might affect your decision to agree, object, or not object to the Settlement.

However, your release does not include any breach of contract claim or other non-Certified Claims you may have regarding a HAMP TPP received on or before March 1, 2010.

<u>File an Objection</u>. If you stay in the lawsuit, you can object to the Settlement. You or your lawyer may also ask to appear before the Court. Your written objection must be filed with the Court no later than October 31, 2017.

If you do not file a timely written objection that substantially complies with the objection requirements, you will waive your right to be heard at the Fairness Hearing.  However, the Court may excuse your failure to file a written objection upon a showing of good cause, which, if granted, would permit you to still appear at the Fairness Hearing and object to the Settlement.

<u>Exclude Yourself</u>.  ***If you want to keep your right to sue Wells Fargo for the claims that are being released in the Settlement, you must submit a request for exclusion by October 31, 2017***. If you exclude yourself, you cannot receive a Settlement Payment, but you will keep your right to sue Wells Fargo in a different lawsuit. You will not be bound by any orders and judgments of the Court.

The detailed notice, available at *www.Corvello-Jackmon HAMPClassAction.com*, explains all of your rights and options and the requirements for acting on them.

### Who Represents Me?

The Court has appointed Timothy Blood and Thomas O'Reardon of Blood Hurst & O'Reardon LLP, Thomas Loeser of Hagens Berman Sobol Shapiro LLP, and Peter Fredman of the Law Office of Peter Fredman to represent the Class as Class Counsel in this case.

You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Class Counsel will ask the Court for attorneys' fees and expenses not to exceed $540,590.06. They will also ask for $5,000 service awards to be provided to each of the Class Representatives for their services in this case, which lasted over six years. The Court may award less than the awards requested. If approved, the awards will be provided separately by Wells Fargo.

### The Court's Fairness Hearing.

The Court will hold the Fairness Hearing at 10:00 a.m. on **November 30, 2017**, before Judge Vince Chhabria in Courtroom 4 (17th Floor) at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. At this hearing, the Court will consider whether to approve the terms of the Settlement and the requested attorneys' fees and expenses award and the Class Representative service awards. The Court will also hear any objections concerning the Settlement. You are not required to come to the Fairness Hearing.

The date of the Fairness Hearing may change without further notice to you. Any changes to the date, time, or place of the Fairness Hearing will be posted at *www.Corvello-JackmonHAMPClassAction.com.*

### How Do I Get More Information?

More information, including the Settlement Agreement, a more detailed settlement notice, and other important documents regarding the lawsuits are available at *www.Corvello-JackmonHAMPClassAction.com.* You may also call the Settlement Administrator toll free at **1-844-402-8567**, or contact Class Counsel at the addresses or phone numbers below.

You can also access information about the lawsuits through the Court's PACER website. To learn about PACER and register for a PACER account, go to https://www.pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl. You can also access documents by visiting the Clerk's Office located at United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

### CLASS COUNSEL

Timothy G. Blood
Thomas J. O'Reardon II
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
(619) 338-1100
tblood@bholaw.com
toreardon@bholaw.com

Thomas E. Loeser
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 330
Seattle, WA 98101
(206) 623-7292
toml@hbsslaw.com

Peter B. Fredman
Law Offices of Peter Fredman
125 University Ave., Suite 102
Berkeley, CA 94710
(510) 868-2626
peter@peterfredmanlaw.com

**1-844-402-8567**
**www.Corvello-JackmonHAMPClassAction.com.**

# EXHIBIT B

Appendix **B**

## EXCLUSION REQUEST FORM

I want to be excluded from the Corvello-Jackmon HAMP Class Action. I understand that I will not be able to get any money or benefits if any become available from this case.  However, I will not be bound by any Court orders, and I will keep any rights I have to sue about the claims in this case, as part of any other lawsuit (subject to any applicable statutes of limitations). DO NOT SEND THIS FORM IF YOU WANT TO STAY IN THE CLASS AND BE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT.

Name:

Current Address:

City:                                                                    State:        Zip:

Phone:
(        )        -

Property Address:

Property City:                                                  State:        Zip:

Loan Number:

Signed:                                                          Date:       /       /

If you want to be excluded, sign and mail this form, **postmarked by October 31, 2017** to:

Corvello-Jackmon HAMP Class Action
c/o GCG
P.O. Box 10296
Dublin, OH 43017-5896

To view GCG's Privacy Notice, please visit http://www.choosegcg.com/privacy