1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

7

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

8

| | |
|---|---|
| PHILLIP R. CORVELLO, On Behalf of Himself and All Others Similarly Situated, | Case No. 3:10-CV-05072-VC |

9

**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

Plaintiff,

10

v.

11

<u>CLASS ACTION</u>

WELLS FARGO BANK N.A. d/b/a

12

Judge:        Honorable Vince Chhabria
Courtroom:  4, 17th Floor

WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING

13

COMPANY,

Date Filed:       November 9, 2010

14

Defendant.

15

16

AMIRA JACKMON, individually, and on behalf of others similarly situated,

Case No. 3:11-cv-03884-VC

17

Plaintiff,

18

v.

19

AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, N.A.,

Date Filed:       August 8, 2011

20

Defendant.

21

22

23

24

25

26

27

28

1    WHEREAS, the Court, having considered the Stipulation and Class Action Settlement
2    Agreement (the "Settlement" or "Agreement") between and among Class Representatives
3    Phillip Corvello and Amira Jackmon ("Plaintiffs"), through Class Counsel, and Defendant
4    Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant," which collectively with Plaintiffs are
5    the "Parties"), the Court's August 16, 2017 Order Preliminarily Approving Class Action
6    Settlement (the "Preliminary Approval Order"), and Plaintiffs' Motion for Final Approval of
7    Class Action Settlement and Request for Award of Attorneys' Fees and Expenses, together
8    with all exhibits thereto, having held a Fairness Hearing on November 30, 2017, and having
9    considered all of the submissions and arguments with respect to the Settlement, and otherwise
10   being fully informed, and good cause appearing therefore;

11   IT IS HEREBY ORDERED AS FOLLOWS:

12   1.    This Final Order Approving Class Action Settlement ("Final Order")
13   incorporates herein and makes a part hereof, the Settlement (as approved by the Preliminary
14   Approval Order), the Preliminary Approval Order, and any and all exhibits to the Settlement
15   and the Preliminary Approval Order.  Unless otherwise provided herein, the terms defined in
16   the Settlement and Preliminary Approval Order shall have the same meanings for purposes of
17   this Final Order and the accompanying Final Judgment.

18   2.    The Court has personal jurisdiction over all parties in the Action, including, but
19   not limited to all Class Members, and has subject matter jurisdiction over the Action, including
20   without limitation, jurisdiction to approve the Settlement, to settle and release all claims
21   released in the Settlement and to dismiss with prejudice and enter final judgment in the Action.

22   3.    Pursuant to Federal Rule of Civil Procedure 23,  the Court previously certified
23   the following Class regarding claims under California's Rosenthal Fair Debt Collection
24   Practices Act and Unfair Competition Law:

> All California residential mortgage borrowers who (a) entered into a Home
> Affordable Modification Program Trial Period Plan with Wells Fargo Bank,
> N.A. a/k/a America's Servicing Company effective on or before March 1, 2010,
> and (b) made the scheduled trial payments, but (c) did not obtain a permanent
> HAMP loan modification as a result of that TPP.

4. Excluded from the Class are any Judge or Magistrate presiding over this Action and members of their immediate families; officers and directors (and members of their immediate families) of Wells Fargo, Wells Fargo's subsidiaries, parent companies, successors, predecessors, and any entity in which Wells Fargo or its parent companies have a controlling interest; persons who properly executed and served a timely Request for Exclusion; persons who timely opted out of the Action in connection with the class notice that was mailed on or about June 28, 2016; persons who have already released their claims against Wells Fargo that are covered by this Settlement (including persons who were members of the settlement class in *Wigod v. Wells Fargo Bank, N.A.*, No. 10-2348 (N.D. Ill.); and the legal representatives, successors or assigns of any of the aforementioned excluded persons.

5. The Court finds that only those persons listed on Addendum A to this Final Order have timely and properly excluded themselves from the Class by submitting a Request for Exclusion and, therefore, are not bound by this Final Order or the accompanying Final Judgment.  All other Class Members, unless otherwise excluded as set forth in Paragraph 4, are bound by this Final Order and accompanying Final Judgment.

6. The Court previously appointed Phillip Corvello and Amira Jackmon as the Class Representatives for the Class and the law firms of Hagens Berman Sobol Shapiro LLP, Blood Hurst & O'Reardon, LLP, and the Law Office of Peter Fredman as Class Counsel for the Class. *See* Court's Order Granting in Part, and Denying in Part, Plaintiffs' Motion for Class Certification (Dkt No. 114 in Case No. 3:10-CV-05072-VC, and Dkt. No. 171 in Case No. 3:11-cv-03884-VC).

7. The record shows and the Court finds that Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Class Notice:  (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement, their right to exclude themselves from the Class or to object to all or any part of the Settlement, their right to appear at the Fairness Hearing (either on their own or through

counsel hired at their own expense), and the binding effect of the orders and Final Judgment and Final Order in the Action, whether favorable or unfavorable, on all persons who do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, 28 U.S.C. §1715, and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

8.     The Court finds that the Settlement resulted from extensive arm's length and good faith negotiations between Class Counsel and Wells Fargo, through experienced counsel.

9.     Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves the Settlement in all respects and finds that the Settlement is in all respects, fair, reasonable, and adequate, and in the best interest of the Class and is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Class Members, except those excluded as set out in Paragraph 4 and those identified on Addendum A, and it is to be preclusive in the Action.

10.     The Court finds that the Settlement is fair, reasonable and adequate based on the following factors, among other things: (a) there is no fraud or collusion underlying the Settlement; (b) the complexity, expense, uncertainty and likely duration of litigation in the Action favor settlement on behalf of the Class; (c) the Settlement provides meaningful benefits and fair value to the Class; (d) the amount of discovery completed and the stage of the proceedings at the time of settlement; and (e) any and all other applicable factors that favor final approval.

11.     The Court approves Case Contribution Awards in the amount of $5,000 each to Plaintiffs Phillip Corvello and Amira Jackmon for their service as Class Representatives.  The Court finds that the awards are fair, reasonable and appropriate in this Action and orders that they be paid in accordance with the Agreement.

12.     Class Counsel are awarded attorneys' fees and expenses of $540,590.06.  The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel, and finds that such an award is fair, reasonable and justified under the circumstances, and orders that it be paid in accordance with the Agreement.

13.     The Court has considered all relevant factors and hereby approves Community Housing Council of Fresno as the designated *cy pres* recipient of any monies remaining after the negotiation periods of the Settlement Payments and the Redistributed Payments (if any) in accordance with the Agreement.

14.     The Parties and the Settlement Administrator are hereby directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Agreement.  In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Agreement so long as they are: (i) consistent in all material respects with this Final Order and the Final Judgment; and (ii) do not limit the rights of the Class.

15.     The Court has not received any objections, timely and proper or otherwise, to the Settlement.

16.     The Action is hereby dismissed with prejudice on the merits and without costs and attorneys' fees to any party, except as otherwise provided herein or in the Settlement.

17.     The Court adjudges that upon the Effective Date, by operation of this Final Order and the accompanying Final Judgment, the Releasing Parties are conclusively deemed to have fully, finally, and forever released, relinquished, and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Agreement. The Releasing Parties shall be deemed to have, and shall have expressly waived and relinquished, to the fullest extent permitted by law, all rights under 1542 of the California Civil Code and any comparable law.

18.     Without affecting the finality of this Final Order and the Final Judgment for purposes of appeal, the Court retains jurisdiction over all matters relating to administration,

1    consummation, enforcement, and interpretation of the Settlement and for any other necessary

2    purpose.

3        19.    The Agreement, including the Exhibits attached thereto, and any and all

4    negotiations, documents, and discussions associated with it will not be deemed or construed to

5    be an admission, concession, or evidence of any violation of any statute, law, rule, regulation

6    or principle of common law or equity, of any liability, wrongdoing, negligence or fault by any

7    Released Party, the truth or validity of any of the Released Claims, the deficiency of any

8    defense that has been or could have been asserted in the Action, or the truth of any fact alleged

9    by Plaintiffs.  Evidence relating to the Settlement shall not be discoverable or used, directly or

10   indirectly, in any way, whether in the Action or in any other action or proceeding, except for

11   purposes of demonstrating, describing, implementing or enforcing the terms and conditions of

12   the Settlement, the Preliminary Approval Order, this Final Order, and the accompanying Final

13   Judgment.

14       20.    If for any reason whatsoever the Settlement fails to become final or effective,

15   the Action will return to the status quo as it existed prior to the Settlement, and no doctrine of

16   waiver, estoppel or preclusion will be asserted at any stage of the Action or in any other

17   proceeding.

18       21.    No agreements, documents, or statements made by or entered into by any Party

19   in connection with the Settlement may be used by Plaintiffs, any Class Member, Wells Fargo,

20   or any other person to establish liability, any defense and/or any elements of liability or any

21   defense, whether in the Action or in any other proceeding.

22       22.    Nothing in this Final Order Approving Class Action Settlement or the

23   accompanying Final Judgment shall preclude any action in this Court to enforce the terms of

24   the Settlement.

25       **IT IS SO ORDERED.**

26

27   DATED: _____        _____

28                                  THE HON. VINCE CHHABRIA
                                    UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 13, 2017.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com